UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Oct 17  2 13 PM '03

ANDERSON, KILL & OLICK, P.C.,

          Plaintiff,

V.

ROBERT L. PRESSMAN,

          Defendant.

NO. 3:02CV1258 (GLG)

OCTOBER 16, 2003

**PLAINTIFF'S REVISED AND SUPPLEMENTAL
REQUESTS TO
CHARGE**

David P. Atkins (ct04819)
Joel H. Thompson (ct24654)

Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, Connecticut 06604
Ph. (203) 333-9441
Fax: (203) 333-1489
Email: datkins@znclaw.com
        jthompson@znclaw.com

Attorneys For
Anderson, Kill & Olick, P. C.

PLAINTIFF'S SUPPLEMENTAL REQUEST TO CHARGE NO. 14
(Affirmative Defense: Burden of Proof)

Defendant Pressman has responded to the claim of Plaintiff Anderson, Kill & Olick, P.C. by filing two of what are called affirmative defenses.

An affirmative defense is a pleading that alleges facts that, if proven, show that a plaintiff has no cause of action and should not therefore recover any damages.

The party who claims an affirmative defense bears the burden of proof. That party has the burden of proving every essential element of each affirmative defense, and to do so by a preponderance of the evidence.

## PLAINTIFF'S SUPPLEMENTAL REQUEST TO CHARGE NO. 15
### (Affirmative Defense: Payment)

Defendant Pressman has filed an affirmative defense in which he alleges that the Plaintiff Anderson, Kill & Olick has been fully paid for its services to him on sub-account number 4, and that any additional charges were improper "overcharges." To prevail on this affirmative defense, Defendant Pressman must establish, by a preponderance of the evidence, that the amounts he paid on invoices issued to him by the firm on sub-account number 4 – relating to services and disbursements on the New York lawsuit brought against him by his sisters – fully satisfied his obligations to the firm on that sub-account, and that the firm is not, therefore, entitled to any additional payment for services or any additional reimbursement for expenses it advanced. You can not find in favor of Mr. Pressman on this affirmative defense, unless you are satisfied that he has met his burden of proof by a preponderance of the evidence.

PLAINTIFF'S SUPPLEMENTAL REQUEST TO CHARGE NO. 16
(Affirmative Defense: Excusing Performance)

Defendant Pressman has filed a second affirmative defense in which he alleges that he is excused from any obligation to pay his outstanding account balance with Plaintiff Anderson, Kill & Olick because of what he claims were substandard or inadequate services by the Plaintiff-firm which harmed him in the underlying New York case. Specifically he claims that in the New York case the Plaintiff firm failed to: (a) file affirmative defenses on his behalf; (b) uncover or properly gather evidence to support his defenses; and (c) retain the services of a forensic accountant. He also claims that the firm wrongfully withheld its files from his new counsel, and that the firm's action harmed him in the trial of the New York case.

To find in favor of Defendant Pressman on this affirmative defense, you must find, by a preponderance of the evidence, that the Plaintiff law firm failed to perform the services to Mr. Pressman with the reasonable and ordinary degree of care, skill, knowledge and diligence as is common in the law profession. In other words, you must find that the firm's services fell below the standard of reasonable and ordinary care applicable to New York attorneys handling the defense of a lawsuit like the one brought against Mr. Pressman by his sisters. The firm was not required to perform with the highest degree of skill and knowledge, or to guarantee a favorable result in the underlying New York court case. The fact that a client is dissatisfied with the result, or with his lawyers'

services, or the charges for those services, is not enough to be excused from the obligation to pay for those services.

## PLAINTIFF'S SUPPLEMENTAL REQUEST TO CHARGE NO. 17
### (Lawyer's Right To Withdraw From Representing A Client)

Under the rules and regulations applicable to New York lawyers, a lawyer representing a client in a court case is authorized to request that the court permit the lawyer to withdraw from representing the client if the client deliberately disregards a prior agreement or obligation to the lawyer with respect to payment of expenses or fees. When the client refuses to meet payment obligations to the lawyer, the lawyer is not required to continue to finance the client's litigation expenses, or to continue to provide services free of charge, or to continue to advance expenses without a legitimate assurance from the client of payment.

N.Y.C.R.R. § 1200.15(c)(1)(vi); DR2-110(c)(1)(f); *Galvano v. Galvano*, 598 N.Y.S. 2d 268, 369 (N.Y. App. Div. 1993)

## PLAINTIFF'S SUPPLEMENTAL REQUEST TO CHARGE NO. 18
(Estoppel/Acquiescence)

Mr. Pressman has argued that, effective both on January 1, 2000 and on January 1, 2001, Anderson Kill increased its normal hourly rates for certain of its professionals, and that Mr. Pressman never agreed in advance to those increases. Anderson Kill has introduced evidence that in the original agreement Mr. Pressman agreed to pay the normal hourly rates of the attorneys at Anderson Kill, that Mr. Pressman never objected to Anderson Kill when these normal rates increased, and that Mr. Pressman continued to make some payments to the firm after receiving invoices reflecting the hourly rate increases for 2000 and for 2001.

A person's course of conduct, including his silence or his failure to object to another person's actions, may prohibit him from objecting to those actions later on. This concept is known as equitable estoppel -- for the purposes of this case, estoppel based on silence or acquiescence. If you find that Anderson Kill raised its normal hourly rates during its representation of Mr. Pressman, and that Mr. Pressman did not object to or refuse to pay the increased rates when they were charged, you must find that Mr. Pressman acquiesced to and approved of the increased rates.

*Alexander v. Kotzen*, 19 N.Y.S.2d 400, 404-05 (N.Y. Sup. Ct. 1940) (plaintiffs estopped from recovering against trustee for investment decisions, when plaintiffs' knowledge of and failure to object to investment choices constituted acquiescence and approval); *Joseph P. Day Realty Corp. v. Hume Publishing, Inc.*, 611 N.Y.S.2d 299, 300 (N.Y. App. Div. 1994) (where terms of commercial lease contemplated increases in wage rates and property taxes, and defendant accepted bills for additional charges and either paid them or redirected them to subtenant, defendant could not now disavow its obligation to pay such charges).

7

## PLAINTIFF'S REVISED REQUEST TO CHARGE NO. 5
(October 16, 2003)
(Breach of Contract: Damage)

The fourth element the law firm must prove on its breach of contract claim is that it was damaged by Mr. Pressman's breach of the fee agreement. In this case, the law firm claims that it was damaged because it did not receive payment for the legal services it provided and did not receive reimbursement for the disbursements it advanced. If you find that the preponderance of the evidence supports that claim, then you must find in favor of the law firm on this element.

If you have found in favor of the law firm on each of the elements of the contract claim, you must then determine the amount that the law firm should be awarded for Mr. Pressman's breach of contract. The general rule in awarding damages for breach of an agreement or a contract is that the amount of the damages should place the non-breaching party in the same position it would have been in had the contract been fully performed by the party in breach. In this case, the law firm has put into evidence copies of correspondence and invoices, which detail the amounts unpaid for the services provided. The unpaid portion of Mr. Pressman's account with the firm is the amount of damages that would place the law firm in the same position it would have been had Mr. Pressman fully carried out his obligation to pay for the services the firm performed and reimburse the firm for the costs and disbursements it advanced in his case.

Under the law that applies to this case, if an account is made up and sent to a client by a provider of services such as a law firm, and that client either expressly agrees to the amount of the balance, or does not object to the balance

within a reasonable time, the account is called an "account stated." The client is bound to pay the amount stated in the account regardless of whether he is *now* dissatisfied with the services provided. In this case, Mr. Pressman received periodic written accounts from the Anderson, Kill & Olick firm as to amounts he owed. If you find that Mr. Pressman either expressly agreed to those amounts, or failed to object to them within a reasonable time, you must conclude that these are accounts stated, and therefore the amount of the firm's damage is the *same* amount stated in the unpaid account.

You must determine whether an award of damages based on the claimed fees is reasonable. In deciding whether the unpaid attorneys' fees claimed by Anderson, Kill & Olick are reasonable, you should consider the following factors: the time and work involved; the difficulty and novelty of the issues presented to the attorneys; the nature of the services rendered; the amount at stake; the fee customarily charged in the locality for similar legal services; and the experience, reputation and abilities of the lawyers who provided the services to Mr. Pressman. You also should consider the nature and length of the professional relationship between the firm and Mr. Pressman, the time limits imposed on the firm by the circumstances of Mr. Pressman's case and the likelihood that the firm's engagement for Mr. Pressman's case would preclude the firm's employment by other clients.

The fact that Mr. Pressman may not have been satisfied with the law firm's work does not excuse him from his obligation to pay an account stated.

*Randall v. Packard*, 36 N.E. 2d 823, 824 (N.Y. 1894); *Ingber v. Sabato*, 645 N.Y.S. 2d 918, 920 (App. Div. 1996); *Ogletree, Deakins, Nash, Smoak & Stewart P. C. v. Albany Steel Inc.*, 663 N.Y.S. 2d 313, 315 (App. Div. 1997); 7 N.Y. Jur. 2d, Attorneys at Law, §§ 194-197; New York Code of Professional Responsibility, DR 2-106. *Rosenman Colin Freund Lewis & Cohen v. Neuman*, 461 N.Y.S. 2d 297 (App. Div. 1983).

## CERTIFICATION

This is to certify that a copy of the foregoing has been hand-delivered, on this date to:

Robert L. Pressman
51 West 52nd Street
New York, NY, 10019

Dated at Bridgeport, Connecticut this 16th day of October, 2003.

_____
David P. Atkins