UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

OCT 28  11 34 AM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

ANDERSON, KILL & OLICK, P.C., :

        Plaintiff, : NO. 3:02CV1258 (GLG)

V. :

ROBERT L. PRESSMAN, :

        Defendant. : OCTOBER 27, 2003

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION TO AMEND JUDGMENT TO INCLUDE PREJUDGMENT INTEREST

This Memorandum is filed in support of the motion of Plaintiff Anderson, Kill & Olick, P.C. under Rule 59(e) Fed.R.Civ.P., to amend the Judgment entered in the above-entitled action on October 24, 2003 (and dated October 21, 2003). Plaintiff asks the Court to direct the Clerk to issue an Amended Judgment to add to the principal amount of damages awarded to it by the jury ($500,000.00), a prejudgment interest award in its favor in the amount of $101,658.30 as authorized under New York law.

### The Nature of the Proceedings

On October 17, 2003, a jury found in favor of Plaintiff on its claim against Defendant Pressman for breach of a contract for legal services. Plaintiff established at trial that it had sent Defendant monthly invoices for its work and disbursements, in accordance with an August, 1999 written retention agreement signed by Defendant (Pl. Ex. 1). Under that agreement, Defendant agreed to pay each invoice within 30 days of receipt. The jury, after specifically finding that Defendant had breached his payment obligations under the parties'

fee agreement, returned a verdict for Plaintiff in the amount of $500,000.00. On October 24, the Clerk entered a written Judgment for Plaintiff in the amount of the jury's award.

In its operative Complaint, Plaintiff had requested both an award of damages and "interest" on its claim. First Amended Complaint filed March 7, 2003 at 6; Plaintiff's Trial Memorandum dated September 30, 2003 at 2.

## ARGUMENT

### I.   PLAINTIFF IS ENTITLED, UNDER NEW YORK LAW, TO A POST-VERDICT AWARD OF PREJUDGMENT INTEREST FROM THE COURT.

Subject matter jurisdiction in this action was based on diversity of citizenship within the meaning of 28 U.S.C. §1332(a). Accordingly, state law governs the determination of both the entitlement to, and calculation of, any prejudgment interest award. *See Baker v. Dorfman*, 239 F.3d 415, 425 (2d Cir. 2000); *Stanford Square, L.L.C. v. Nomura Asset Capital Corp.*, 232 F. Supp. 2d 289, 291-92 (S.D.N.Y. 2002)(granting motion under Rule 59(e) in a diversity case to amend judgment to include an award of prejudgment interest under New York law); *Brandewiede v. Emery Worldwide*, 890 F. Supp. 79, 82 (D.Conn. 1994).

New York law was applied in this case. Section 5001(a) of the New York Civil Practice Law and Rules (N.Y. CPLR) provides that prejudgment interest "*shall* be recovered upon a sum awarded because of a breach of performance of a contract..." (emphasis added.) "Prejudgment interest is awarded under New York law *as a matter of right* for contract damages." *Stanford Square, L.L.C.*, 232 F.Supp.2d at 292 (emphasis added). Accordingly, a prejudgment interest award in a contract action governed by New York law is mandatory, rather than a matter for the trial court's discretion. By comparison,

2

the New York statute provides that in an action in equity, the court has discretion to award, or not to award, interest. CPLR § 5001(a).

As Judge Marrero explained in the *Stanford Square* case, the fact that the amount fixed for prejudgment interest is not liquidated or ascertainable *prior to* the entry of a judgment for the plaintiff on a breach of contract claim, is immaterial under New York law:

> Awarding prejudgment interest is based on the premise that the party to whom the money is owed has been deprived of the use of the funds and can be made whole only by the award of interest. Conversely, the party owing the money has had the use of the funds he was obligated to have paid, and should be required to pay compensation by way of interest.

*Id.* 232 F.Supp. 2d at 293, *citing DeLong Corp. v. Morrison-Knudsen Co.*, 200 N.E. 2d 557, 558 (N.Y. 1964).

A copy of N.Y. CPLR §§5001-5004 is appended to this Memorandum at Tab A.

If an award of an amount designated as prejudgment interest does not appear within the initial Judgment, the prevailing party is authorized under Federal Rule of Civil Procedure 59(e), to request that the Court amend the Judgment to include such an award. *See Dudley v. Penn-America Insurance Co.*, 313 F.3d 662, 666 (2d Cir. 2002) (characterizing post-judgment motion for interest under New York law as motion under Rule 60(a), but finding "no practical difference" whether construed as Rule 60(a) motion or Rule 59(e) motion); *id.* at 671 (Sotomayor, J., concurring in judgment); *Stanford Square*, 232 F. Supp. 2d at 291-94 (trial court determined both prejudgment interest accrual date and the calculation of the amount of interest under N.Y. CPLR in response to prevailing plaintiff's timely filed Rule 59(e) motion).

3

In the present case, as indicated, Plaintiff expressly requested an award of interest in its First Amended Complaint, as well as in its Trial Memorandum. (The First Amended Complaint also requested "[a]ny other relief which may in law or equity appertain." First Amended Complaint at 6.) But even if Plaintiff had not expressly included a prayer for interest recovery, it is, as the prevailing party, nonetheless entitled to both an award of prejudgment interest and reimbursement of its authorized costs. With the exception of default judgments, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Fed. R. Civ. P. 54(c). "[T]he Second Circuit has clearly established that the prevailing party's failure to request interest in its pleadings does not constitute waiver of the right to prejudgment interest." *Stanford Square*, 232 F. Supp. 2d at 291 (citing cases).

In light of the requests in its pleadings in this action, the jury's verdict in its favor, and the timely filing of its Motion To Amend Judgment, Plaintiff plainly is entitled to make this post-verdict request that the Court award it prejudgment interest as mandated by N.Y. CPLR §§5001-5004.

## II. CALCULATION OF INTEREST FOR THE PERIOD PRIOR TO THE VERDICT.

New York law provides that the applicable rate of interest in a breach of contract action is 9 percent per annum. N.Y. CPLR §5004. Section 5001 sets forth the method of calculating an interest award for a prevailing plaintiff for the period *prior to* a verdict as follows:

> Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such

4

> damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

N.Y. CPLR §5001(b). If the jury is "discharged without specifying" all applicable interest accrual dates, Section 5001(c) commands that "*the court* upon motion [and without an affidavit] shall fix the date," except in cases where "the date is certain and not in dispute," in which case the Clerk may fix the date (emphasis added).

In this case, the evidence established that Plaintiff's damages were "incurred at various times" within the meaning of Section 5001(b). However, the jury awarded a lump sum amount of damages and, therefore, did not "specify" the accrual dates for each occasion on which Defendant breached his payment obligation. Accordingly, as expressly authorized by N.Y. CPLR §5001(b), and based on the evidence in the trial record, Plaintiff now requests the Court "fix" the interest accrual dates.

The evidence showed that, as required by the parties' written agreement (and not disputed by Defendant), Defendant was obligated to make payment of each invoice sent by Plaintiff "within thirty days of receipt." (Pl. Ex. 1). In addition, the Plaintiff firm's February 2002 "Bill and Payment Ledger," a copy of which was offered in evidence at trial by Defendant himself (and admitted as Defendant's Exhibit 3), reflected the outstanding balances owed by Defendant on his account at the end of *each* invoice period. Section 5001(b) of the CPLR provides that prejudgment interest should properly be computed upon each "item" of damage "from the date each item was incurred." In this case, the accrual date for each such "item" to be "fixed" is obvious: "thirty days [after] receipt" of each invoice for each billing period in which Defendant's account was unpaid.

5

This is an accepted method of interest computation where a breaching defendant owed payments on account over a period of time. *See Spodek v. Park Property Development Assocs.*, 759 N.E.2d 760, 762 (N.Y. 2001) (in breach of contract action based on promissory note, creditor may recover prejudgment interest on unpaid principal and interest payments "from the date each payment became due under the terms of the promissory note to the date liability is established"); *Burstin Investors, Inc. v. K.N. Investors, Ltd.*, 657 N.Y.S.2d 743, 744 (N.Y. App. Div. 1997) (when "damages accrue at different times, interest may be computed separately on each segment of the damages, measured from its own moment of accrual").

In this case, the fact that the jury awarded damages in a principal amount less than what Plaintiff had sought, does not deprive Plaintiff of its statutory right to recover prejudgment interest. *Stanford Square*, 232 F. Supp. 2d at 293. The jury's verdict awarding $500,000.00 in total damages, rather than the $712,027.87 requested, simply requires a *pro rata* reduction in the *principal* amounts of Defendant's unpaid account, consistent with the percentage of the jury's reduction.

The calculation proposed by Plaintiff is summarized in the table attached to this Memorandum at Tab B and entitled "Balances Per Bill and Payment Ledger." The calculation reflects that, to Defendant's benefit, each partial payment made by Defendant on his account was applied to the oldest invoices then outstanding. Hence, the table begins with that invoice period (February 15, 2001) for which an unpaid balance *first* appeared on Defendant's account (for $69,410.80). It then lists (under the heading "Unpaid Balance") the outstanding balance amount owed by Defendant in each successive month through January 16, 2002. The unpaid balances for each invoice period in the attached

table correspond to the balances reflected in the Plaintiff-firm's "Bill And Payment Ledger" (Def. Ex. 3).

Because the jury awarded an amount less than the total unpaid balance reflected in Plaintiff's account record, Plaintiff has reduced each periodic "Unpaid Balance" amount by the same *pro rata* reduction the jury applied.

For each adjusted account balance amount, Plaintiff then lists the number of days between the accrual date (thirty days after each relevant invoice date, as shown in the second column from left) and October 17, 2003, the date of the jury's verdict. Interest on the adjusted amount is then calculated for that time period at a rate of 9 percent per year. The amount of interest for each unpaid balance amount appears in the last column on the right.

Based on these calculations, Plaintiff now requests the Court add to the Judgment amount an additional award of $100,621.67 in interest for the *pre-verdict* period as required by N.Y. CPLR §§5001 and 5004.

### III. CALCULATION OF INTEREST FOR THE PERIOD BETWEEN THE VERDUCT AND JUDGMENT.

New York law entitles a prevailing breach-of-contract claimant to an additional award of prejudgment interest for a separate period: from the date of the verdict until "the date of entry of final judgment." CPLR § 5002. This interest amount is to be calculated on the "total sum awarded, including interest to verdict…or decision" at the statutory rate of 9 percent per year. *Id.*

Under the calculation authorized by Section 5002, adding the principal damages awarded ($500,000.00) with the *pre-verdict* interest thereon ($100,621.67) totals

7

$600,621.67. Applying the authorized 9 percent annual interest rate to that total sum amounts to interest of $148.09 per day. There were seven days between the day the jury returned its verdict (Friday, October 17, 2003) and the day the Clerk entered the written Judgment in the Court docket (Friday, October 24). Accordingly, as authorized by N.Y. CPLR §5002, Plaintiff requests that *in addition* to the pre-verdict interest award, the amended judgment also include an award of $1,036.63 in accruing interest from the date of the verdict to "the date of the entry of final judgment," for a total prejudgment interest award of $101,658.30.

## CONCLUSION

For all of the foregoing reasons, Plaintiff Anderson, Kill & Olick, P.C. requests the Court direct the Clerk to issue an Amended Judgment which adds to the $500,000.00 principal damages award, an additional award of prejudgment interest in the amount of $101,658.30. A proposed Order is appended to this Memorandum at Tab C.

Dated: October 27, 2003.

*[signature]*

David P. Atkins (ct04819)
Joel H. Thompson (ct24654)

        Zeldes, Needle & Cooper, P.C.
        1000 Lafayette Blvd.
        P.O. Box 1740
        Bridgeport, Connecticut 06604
        (203) 333-9441
        Fax: (203) 333-1489
        Email: datkins@znclaw.com
                   jthompson@znclaw.com

Attorneys for Plaintiff
Anderson, Kill & Olick, P.C.

| Citation | Found Document | Rank 1 of 1 | Database |
|---|---|---|---|
| NY CPLR S 5001 | | | NY-ST-ANN |
| McKinney's CPLR § 5001 | | | |

MCKINNEY'S CONSOLIDATED LAWS OF NEW YORK ANNOTATED
CIVIL PRACTICE LAW AND RULES
CHAPTER EIGHT OF THE CONSOLIDATED LAWS
ARTICLE 50--JUDGMENTS GENERALLY

Copr © West Group 2003. All rights reserved.

Current through L.2003, chs. 1 to 663 (except for chs. 2, 3, 282, 443, 459, 463, 477, 480, 495, 499, 515, 522, 528, 565, 584, 587, 595, 598, 603, 609, 628, 636, 642, 643)

§ 5001. Interest to verdict, report or decision

(a) Actions in which recoverable. Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion.

(b) Date from which computed. Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

(c) Specifying date; computing interest. The date from which interest is to be computed shall be specified in the verdict, report or decision. If a jury is discharged without specifying the date, the court upon motion shall fix the date, except that where the date is certain and not in dispute, the date may be fixed by the clerk of the court upon affidavit. The amount of interest shall be computed by the clerk of the court, to the date the verdict was rendered or the report or decision was made, and included in the total sum awarded.

CREDIT(S)

(L.1962, c. 308; amended L.1992, c. 55, § 71.)

<General Materials (GM) - References, Annotations, or Tables>

HISTORICAL AND STATUTORY NOTES

2003 Electronic Update

L.1992, c. 55 legislation

Subd. (a). L.1992, c. 55, § 71, authorized recovery of interest because of imposition of a civil penalty.

Subd. (b). L.1992, c. 55, § 71, specified earliest ascertainable date that cause of action exists for actions based on the imposition of a civil penalty; allowed interest to be computed based on each time rather than each item when damages were incurred at various times.

L.1992, c. 55, § 427(h)(2), set out as a note under Tax Law § 601, provides that the amendment by L.1992, c.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

| Citation | Found Document | Rank 1 of 1 | Database |
|---|---|---|---|
| NY CPLR S 5002 | | | NY-ST-ANN |
| McKinney's CPLR § 5002 | | | |

MCKINNEY'S CONSOLIDATED LAWS OF NEW YORK ANNOTATED
CIVIL PRACTICE LAW AND RULES
CHAPTER EIGHT OF THE CONSOLIDATED LAWS
ARTICLE 50--JUDGMENTS GENERALLY

Copr © West Group 2003. All rights reserved.

Current through L.2003, chs. 1 to 663 (except for chs. 2, 3, 282, 443, 459, 463, 477, 480, 495, 499, 515, 522, 528, 565, 584, 587, 595, 598, 603, 609, 628, 636, 642, 643)

§ 5002. Interest from verdict, report or decision to judgment

Interest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment. The amount of interest shall be computed by the clerk of the court and included in the judgment.

CREDIT(S)

(L.1962, c. 308.)

<General Materials (GM) - References, Annotations, or Tables>

HISTORICAL AND STATUTORY NOTES

1992 Main Volume

Derivation. C.P.A.1920, § 480 amended L.1927, c. 623; L.1935, c. 807; L.1939, c. 359.

C.C.P.1876, § 1235.

C.P. (Field Code) 1848, § 310.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

| Citation | Found Document | Rank 1 of 2 | Database |
|---|---|---|---|
| NY CPLR S 5003 | | | NY-ST-ANN |
| McKinney's CPLR § 5003 | | | |

<div style="text-align:center">

MCKINNEY'S CONSOLIDATED LAWS OF NEW YORK ANNOTATED
CIVIL PRACTICE LAW AND RULES
CHAPTER EIGHT OF THE CONSOLIDATED LAWS
ARTICLE 50--JUDGMENTS GENERALLY

Copr © West Group 2003. All rights reserved.

</div>

Current through L.2003, chs. 1 to 663 (except for chs. 2, 3, 282, 443, 459, 463, 477, 480, 495, 499, 515, 522, 528, 565, 584, 587, 595, 598, 603, 609, 628, 636, 642, 643)

§ 5003. Interest upon judgment

Every money judgment shall bear interest from the date of its entry. Every order directing the payment of money which has been docketed as a judgment shall bear interest from the date of such docketing.

<div style="text-align:center">CREDIT(S)</div>

(L.1962, c. 308.)

<div style="text-align:center">

&lt;General Materials (GM) - References, Annotations, or Tables&gt;

HISTORICAL AND STATUTORY NOTES

1992 Main Volume

</div>

Derivation. C.P.A.1950, § 481.

C.C.P.1876, § 1211.

C.P. (Field Code) 1848, § 310.

<div style="text-align:center">

SUPPLEMENTARY PRACTICE COMMENTARIES

2003 Electronic Update

By David D. Siegel

1999

P's Taking Actions That Prevent D from Paying Judgment Bar It from Interest

</div>

Category one of interest--interest on the claim from the time of its accrual until its reduction to a verdict or decision--is governed by CPLR 5001, and there is often an argument about when interest starts and in some cases whether there should be any interest allowed at all in this category. But as the original Commentary notes at page 406 of the main volume, once the claim is reduced to judgment, interest on it runs almost inexorably. It is therefore worth noting any case that allows an interruption of interest on a judgment.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

| Citation | Found Document | Rank 1 of 1 | Database |
|---|---|---|---|
| NY CPLR S 5004 |  |  | NY-ST-ANN |
| McKinney's CPLR § 5004 |  |  |  |

MCKINNEY'S CONSOLIDATED LAWS OF NEW YORK ANNOTATED
CIVIL PRACTICE LAW AND RULES
CHAPTER EIGHT OF THE CONSOLIDATED LAWS
ARTICLE 50--JUDGMENTS GENERALLY

Copr © West Group 2003. All rights reserved.

Current through L.2003, chs. 1 to 663 (except for chs. 2, 3, 282, 443, 459, 463, 477, 480, 495, 499, 515, 522, 528, 565, 584, 587, 595, 598, 603, 609, 628, 636, 642, 643)

§ 5004. Rate of interest

Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute.

CREDIT(S)

(L.1962, c. 308; amended L.1972, c. 358, § 1; L.1981, c. 258, § 1.)

<General Materials (GM) - References, Annotations, or Tables>

HISTORICAL AND STATUTORY NOTES

1992 Main Volume

1981 Amendments. L.1981, c. 258, § 1, increased interest rate from 6 to 9 percent per annum.

1972 Amendments. L.1972, c. 358, § 1, eff. Sept. 1, 1972, omitted "legal" preceding "rate", inserted "of six per centum per annum," and substituted "provided" for "prescribed."

Effective Date of 1981 Amendment; Computation of Interest. Section 2 of L.1981, c. 258, provided: "This act [amending this section] shall take effect ten days after it shall have become a law [June 15, 1981]. In actions in which interest is to be computed from a date prior to such effective date, interest shall be computed at the rate of six per centum per annum until such date and nine per centum per annum thereafter."

SUPPLEMENTARY PRACTICE COMMENTATORS

2003 Electronic Update

by David D. Siegel

2003

Decade Delay by P's Insurer in Paying P's $41,000 Judgment Invokes 2%-Per-Month Penalty and Produces $400,000 Obligation

If P secured a judgment against D in 1993 for $41,000, and didn't pay it for 10 years--until 2003--interest due on the judgment under CPLR 5004, which applies a 9% per year rate, would be $36,900 and the total owed by D

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

BALANCES PER BILL AND PAYMENT LEDGER

| INVOICE DATE | BREACH DATE | UNPAID BALANCE | JURY AWARD | RATE | # OF DAYS FROM BREACH TO 17-Oct-2003 | INTEREST EARNED |
|---|---|---|---|---|---|---|
| PRE-JUDGEMENT INTEREST | | | | | | |
| 17-Jan-2001 | 16-Feb-2001 | $20,349.31 | $14,289.69 | 9.00% | 980 | $3,428.35 |
| 15-Feb-2001 | 17-Mar-2001 | $97,261.00 | $68,298.59 | 9.00% | 951 | $15,897.67 |
| 16-Mar-2001 | 15-Apr-2001 | $109,218.75 | $76,695.56 | 9.00% | 922 | $17,303.78 |
| 25-Apr-2001 | 25-May-2001 | $74,032.50 | $51,987.08 | 9.00% | 882 | $11,216.39 |
| 25-May-2001 | 24-Jun-2001 | $53,983.57 | $37,908.33 | 9.00% | 852 | $7,898.43 |
| 19-Jun-2001 | 19-Jul-2001 | $59,752.13 | $41,959.12 | 9.00% | 827 | $8,483.79 |
| 17-Jul-2001 | 16-Aug-2001 | $43,863.60 | $30,801.88 | 9.00% | 799 | $6,015.23 |
| 17-Aug-2001 | 16-Sep-2001 | $65,529.90 | $46,016.39 | 9.00% | 768 | $8,634.69 |
| 24-Sep-2001 | 24-Oct-2001 | $34,165.02 | $23,991.35 | 9.00% | 730 | $4,277.03 |
| 22-Oct-2001 | 21-Nov-2001 | $22,496.59 | $15,797.55 | 9.00% | 702 | $2,707.22 |
| 12-Nov-2001 | 12-Dec-2001 | $64,364.44 | $45,197.98 | 9.00% | 681 | $7,511.53 |
| 12-Dec-2001 | 11-Jan-2002 | $29,923.14 | $21,012.62 | 9.00% | 651 | $3,336.69 |
| 16-Jan-2002 | 15-Feb-2002 | $37,087.92 | $26,043.87 | 9.00% | 616 | $3,910.86 |
| | | $712,027.87 | $500,000.00 | | | $100,621.67 |

BALANCES PER BILL AND PAYMENT LEDGER

| INVOICE DATE | BREACH DATE | UNPAID BALANCE | JURY AWARD | RATE | # OF DAYS FROM BREACH TO 17-Oct-2003 | INTEREST EARNED |
|---|---|---|---|---|---|---|
| PRE-JUDGEMENT INTEREST | | | | | | |
| 17-Jan-2001 | 16-Feb-2001 | $20,349.31 | $14,289.69 | 9.00% | 980 | $3,428.35 |
| 15-Feb-2001 | 17-Mar-2001 | $97,261.00 | $68,298.59 | 9.00% | 951 | $15,897.67 |
| 16-Mar-2001 | 15-Apr-2001 | $109,218.75 | $76,695.56 | 9.00% | 922 | $17,303.78 |
| 25-Apr-2001 | 25-May-2001 | $74,032.50 | $51,987.08 | 9.00% | 882 | $11,216.39 |
| 25-May-2001 | 24-Jun-2001 | $53,983.57 | $37,908.33 | 9.00% | 852 | $7,898.43 |
| 19-Jun-2001 | 19-Jul-2001 | $59,752.13 | $41,959.12 | 9.00% | 827 | $8,483.79 |
| 17-Jul-2001 | 16-Aug-2001 | $43,863.60 | $30,801.88 | 9.00% | 799 | $6,015.23 |
| 17-Aug-2001 | 16-Sep-2001 | $65,529.90 | $46,016.39 | 9.00% | 768 | $8,634.69 |
| 24-Sep-2001 | 24-Oct-2001 | $34,165.02 | $23,991.35 | 9.00% | 730 | $4,277.03 |
| 22-Oct-2001 | 21-Nov-2001 | $22,496.59 | $15,797.55 | 9.00% | 702 | $2,707.22 |
| 12-Nov-2001 | 12-Dec-2001 | $64,364.44 | $45,197.98 | 9.00% | 681 | $7,511.53 |
| 12-Dec-2001 | 11-Jan-2002 | $29,923.14 | $21,012.62 | 9.00% | 651 | $3,336.69 |
| 16-Jan-2002 | 15-Feb-2002 | $37,087.92 | $26,043.87 | 9.00% | 616 | $3,910.86 |
| | | $712,027.87 | $500,000.00 | | | $100,621.67 |

BALANCES PER BILL AND PAYMENT LEDGER

| INVOICE DATE | BREACH DATE | UNPAID BALANCE | JURY AWARD | RATE | # OF DAYS FROM BREACH TO 17-Oct-2003 | INTEREST EARNED |
|---|---|---|---|---|---|---|
| PRE-JUDGEMENT INTEREST | | | | | | |
| 17-Jan-2001 | 16-Feb-2001 | $20,349.31 | $14,289.69 | 9.00% | 980 | $3,428.35 |
| 15-Feb-2001 | 17-Mar-2001 | $97,261.00 | $68,298.59 | 9.00% | 951 | $15,897.67 |
| 16-Mar-2001 | 15-Apr-2001 | $109,218.75 | $76,695.56 | 9.00% | 922 | $17,303.78 |
| 25-Apr-2001 | 25-May-2001 | $74,032.50 | $51,987.08 | 9.00% | 882 | $11,216.39 |
| 25-May-2001 | 24-Jun-2001 | $53,983.57 | $37,908.33 | 9.00% | 852 | $7,898.43 |
| 19-Jun-2001 | 19-Jul-2001 | $59,752.13 | $41,959.12 | 9.00% | 827 | $8,483.79 |
| 17-Jul-2001 | 16-Aug-2001 | $43,863.60 | $30,801.88 | 9.00% | 799 | $6,015.23 |
| 17-Aug-2001 | 16-Sep-2001 | $65,529.90 | $46,016.39 | 9.00% | 768 | $8,634.69 |
| 24-Sep-2001 | 24-Oct-2001 | $34,165.02 | $23,991.35 | 9.00% | 730 | $4,277.03 |
| 22-Oct-2001 | 21-Nov-2001 | $22,496.59 | $15,797.55 | 9.00% | 702 | $2,707.22 |
| 12-Nov-2001 | 12-Dec-2001 | $64,364.44 | $45,197.98 | 9.00% | 681 | $7,511.53 |
| 12-Dec-2001 | 11-Jan-2002 | $29,923.14 | $21,012.62 | 9.00% | 651 | $3,336.69 |
| 16-Jan-2002 | 15-Feb-2002 | $37,087.92 | $26,043.87 | 9.00% | 616 | $3,910.86 |
| | | $712,027.87 | $500,000.00 | | | $100,621.67 |

BALANCES PER BILL AND PAYMENT LEDGER

| INVOICE DATE | BREACH DATE | UNPAID BALANCE | JURY AWARD | RATE | # OF DAYS FROM BREACH TO 17-Oct-2003 | INTEREST EARNED |
|---|---|---|---|---|---|---|
| PRE-JUDGEMENT INTEREST | | | | | | |
| 17-Jan-2001 | 16-Feb-2001 | $20,349.31 | $14,289.69 | 9.00% | 980 | $3,428.35 |
| 15-Feb-2001 | 17-Mar-2001 | $97,261.00 | $68,298.59 | 9.00% | 951 | $15,897.67 |
| 16-Mar-2001 | 15-Apr-2001 | $109,218.75 | $76,695.56 | 9.00% | 922 | $17,303.78 |
| 25-Apr-2001 | 25-May-2001 | $74,032.50 | $51,987.08 | 9.00% | 882 | $11,216.39 |
| 25-May-2001 | 24-Jun-2001 | $53,983.57 | $37,908.33 | 9.00% | 852 | $7,898.43 |
| 19-Jun-2001 | 19-Jul-2001 | $59,752.13 | $41,959.12 | 9.00% | 827 | $8,483.79 |
| 17-Jul-2001 | 16-Aug-2001 | $43,863.60 | $30,801.88 | 9.00% | 799 | $6,015.23 |
| 17-Aug-2001 | 16-Sep-2001 | $65,529.90 | $46,016.39 | 9.00% | 768 | $8,634.69 |
| 24-Sep-2001 | 24-Oct-2001 | $34,165.02 | $23,991.35 | 9.00% | 730 | $4,277.03 |
| 22-Oct-2001 | 21-Nov-2001 | $22,496.59 | $15,797.55 | 9.00% | 702 | $2,707.22 |
| 12-Nov-2001 | 12-Dec-2001 | $64,364.44 | $45,197.98 | 9.00% | 681 | $7,511.53 |
| 12-Dec-2001 | 11-Jan-2002 | $29,923.14 | $21,012.62 | 9.00% | 651 | $3,336.69 |
| 16-Jan-2002 | 15-Feb-2002 | $37,087.92 | $26,043.87 | 9.00% | 616 | $3,910.86 |
| | | $712,027.87 | $500,000.00 | | | $100,621.67 |

BALANCES PER BILL AND PAYMENT LEDGER

| INVOICE DATE | BREACH DATE | UNPAID BALANCE | JURY AWARD | RATE | # OF DAYS FROM BREACH TO 17-Oct-2003 | INTEREST EARNED |
|---|---|---|---|---|---|---|
| PRE-JUDGEMENT INTEREST | | | | | | |
| 17-Jan-2001 | 16-Feb-2001 | $20,349.31 | $14,289.69 | 9.00% | 980 | $3,428.35 |
| 15-Feb-2001 | 17-Mar-2001 | $97,261.00 | $68,298.59 | 9.00% | 951 | $15,897.67 |
| 16-Mar-2001 | 15-Apr-2001 | $109,218.75 | $76,695.56 | 9.00% | 922 | $17,303.78 |
| 25-Apr-2001 | 25-May-2001 | $74,032.50 | $51,987.08 | 9.00% | 882 | $11,216.39 |
| 25-May-2001 | 24-Jun-2001 | $53,983.57 | $37,908.33 | 9.00% | 852 | $7,898.43 |
| 19-Jun-2001 | 19-Jul-2001 | $59,752.13 | $41,959.12 | 9.00% | 827 | $8,483.79 |
| 17-Jul-2001 | 16-Aug-2001 | $43,863.60 | $30,801.88 | 9.00% | 799 | $6,015.23 |
| 17-Aug-2001 | 16-Sep-2001 | $65,529.90 | $46,016.39 | 9.00% | 768 | $8,634.69 |
| 24-Sep-2001 | 24-Oct-2001 | $34,165.02 | $23,991.35 | 9.00% | 730 | $4,277.03 |
| 22-Oct-2001 | 21-Nov-2001 | $22,496.59 | $15,797.55 | 9.00% | 702 | $2,707.22 |
| 12-Nov-2001 | 12-Dec-2001 | $64,364.44 | $45,197.98 | 9.00% | 681 | $7,511.53 |
| 12-Dec-2001 | 11-Jan-2002 | $29,923.14 | $21,012.62 | 9.00% | 651 | $3,336.69 |
| 16-Jan-2002 | 15-Feb-2002 | $37,087.92 | $26,043.87 | 9.00% | 616 | $3,910.86 |
| | | $712,027.87 | $500,000.00 | | | $100,621.67 |

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDERSON, KILL & OLICK, P.C., : | |
| Plaintiff, : | NO. 3:02CV1258 (GLG) |
| V. : | |
| ROBERT L. PRESSMAN, : | |
| Defendant. : | |

## ORDER

Having considered the Motion of Plaintiff To Amend Judgment To Include Prejudgment Interest dated October 27, 2003,

IT IS ORDERED that such Motion be, and is hereby, GRANTED;

IT IS FURTHER ORDERED, in accordance with Rule 58 and Rule 59(e), Fed. R. Civ. P., that the Clerk of the Court prepare and enter in the Court's docket an Amended Judgment providing that, in addition to the principal Judgment amount for Plaintiff of $500,000.00, Plaintiff also is awarded the sum of $101,658.30 in prejudgment interest and its authorized costs of action.

Dated:                , 2003          _____
       Waterbury, CT                   Gerald L. Goettel
                                       United States District Judge

## CERTIFICATION

This is to certify that a copy of the foregoing was sent by U. S. certified mail on this date to:

Robert L. Pressman
Cushman & Wakefield
51 West 52nd Street, 10th Floor
New York, NY, 10019

Dated at Bridgeport, Connecticut this 27th day of October, 2003.

_____
David P. Atkins

9