UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Nov 12  3 10 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

ANDERSON, KILL & OLICK, P.C., :

        Plaintiff,   :   NO. 3:02CV1258 (GLG)

V.   :

ROBERT L. PRESSMAN, :

        Defendant.   :   NOVEMBER 10, 2003

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S
MOTION TO AMEND JUDGMENT TO INCLUDE PREJUDGMENT INTEREST**

This Memorandum is filed in reply to Defendant Robert L. Pressman's opposition -- submitted by way of a letter to the Court dated October 29, 2003 ("Objection") -- to the motion of Plaintiff Anderson, Kill & Olick, P.C., dated October 27, to amend the Judgment entered in its favor in the above-entitled action to include prejudgment interest as authorized by Rule 59(e) Fed. R. Civ. P. (Docket Entry No. 58).

I.    **DEFENDANT'S ASSERTIONS THAT PRE-VERDICT INTEREST SHOULD NOT NOW BE AWARDED ARE UNSUPPORTED BY, OR CONTRADICTED BY, THE APPLICABLE STATUTE.**

Defendant offers seven points in opposing Plaintiff's motion. Objection at 1-2. In his first six points, Defendant offers several alternative reasons why he contends Plaintiff is not entitled to *any* award of prejudgment interest on the jury's verdict. Objection at 1. These conclusory statements are utterly lacking in foundation. No legal authority is presented in support of any of these assertions. Several, if not all of these contentions, are refuted by the authorities already cited in Plaintiff's October 30 Corrected Memorandum Of Law In Support Of Plaintiff's Motion To Amend Judgment To Include Prejudgment Interest

("Memorandum of Law"), at 2-4. For example, Defendant's claim that the trial court is now somehow precluded from awarding prejudgment interest is at odds with the plain wording of N. Y. CPLR §§5001-5004, which not only mandate a prejudgment interest award "as a matter of right for contract damages", but expressly authorize the *court* to "fix the date" on which such award should accrue. *Stanford Square, L.L.C. v. Nomura Asset Capital Corp.*, 232 F. Supp. 2d 289, 292 (S.D.N.Y. 2002).

Accordingly, Plaintiff relies upon, and refers the Court to, its previously filed Memorandum of Law.

## II.   DEFENDANT'S PROPOSED FORMULA FOR THE CALCULATION OF PRE-VERDICT INTEREST IS UNSUPPORTED BY THE TRIAL RECORD.

In his seventh point, Defendant disputes Plaintiff's proposed method for calculating the amount of interest to which Plaintiff is entitled. Objection at 2. He contends that with respect to the partial payments he made on his outstanding account balance with the Plaintiff law firm," one could easily apply each payment to the earlier months first." *Id.* But Plaintiff has proposed that very approach. As reflected in the February, 2002 "Bill And Payment Ledger" admitted as Defendant's Trial Exhibit 3 (a copy of which is attached at Tab D to Plaintiff's Corrected Memorandum of Law), each partial payment Defendant made on his account balance was applied against the *oldest* invoices then outstanding.

Defendant appears to suggest that the Court should tally the interest award by beginning with the most recent invoice, add 100% of the account balance of such invoice, and working backward in time until the amount of $500,000.00 – the jury's damages award -- is reached. To calculate interest in this way, however, would assume that the earliest unpaid invoices were somehow invalid, while only the most recent invoices were valid. It

2

would also "fix" the interest accrual date at an entirely arbitrary point without reflecting the *actual* amounts of Defendant's unpaid account balances on the actual dates on which Plaintiff was deprived of the use of the funds the jury has now determined Plaintiff was owed. Nothing in the trial record suggests that in calculating its damages award, the jury differentiated between the oldest and the most recent unpaid invoices.

Instead, the evidence established an unpaid balance for *each* invoice period from the January 17, 2001 bill (part of which went unpaid) through the January 16, 2002 bill. The total unpaid balance owed by Defendant added up to $712,027.87, which was claimed by Plaintiff as its damages. See Defendant's Exhibit 3 (attached at Tab D to the Corrected Memorandum of Law). There is no indication in the record that the jury rejected the oldest of these unpaid invoices while validating the newer ones. Instead, the jury's $500,000.00 damages award is a round number, plainly representing a *general* reduction in damages from the $712,027.87 sought by Plaintiff.

In calculating the pre-verdict interest on the jury's damage award in this case, there is no basis on the record to disregard the oldest portion of Defendant's admittedly unpaid account. Moreover, Section 5001(b) of the C.P.L.R. expressly provides that pre-verdict interest is to be computed on each "item" of damage "from the date each item was incurred." The only proper method of interest calculation, then, is to apply a *pro rata* reduction of *all* invoices that were partially or wholly unpaid, consistent with the amount of the jury's reduction (as reflected in the table at Tab B to Plaintiff's corrected Memorandum).

3

## **CONCLUSION**

Under the plain terms of NY C.P.L.R. §§5001-5004, this Court possesses the authority to assign the date or dates on which the pre-verdict interest award is to accrue. In addition, the Court is required to calculate an interest award which makes the successful breach-of-contract claimant "whole" based on its having been "deprived of the use of the funds." *Stanford Square, L.L.C.*, 232 F.Supp. 2d. at 293. This Court should therefore calculate such interest based on *all* of the invoices that ultimately went unpaid by Defendant, as the evidence demonstrated.

For all of the foregoing reasons, Plaintiff requests that the Court grant the relief requested in its October 27 Motion To Amend Judgment To Include Prejudgment Interest.

Dated: November 10, 2003.

Respectfully submitted,

_____
David P. Atkins (ct04819)
Joel H. Thompson (ct24654)

Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, Connecticut 06604
(203) 333-9441
Fax: (203) 333-1489
Email: datkins@znclaw.com
       jthompson@znclaw.com

Attorneys for Plaintiff
Anderson, Kill & Olick, P.C.

4

## CERTIFICATION

This is to certify that a copy of the foregoing was sent by U. S. certified mail on this date to:

Robert L. Pressman
Cushman & Wakefield
51 West 52nd Street, 10th Floor
New York, NY, 10019

Dated at Bridgeport, Connecticut this 10th day of November, 2003.

David P. Atkins