## EMERGENCY APPLICATION FOR STAY

**Robert L. Pressman**
**51 West 52nd Street**
**New York, New York 10019**
**Tel. 212-841-7587**
**Fax 212-841-7739**

December 1, 2003

Judge Gerard Goettel
United States District Judge
District of Connecticut
14 Cottage Place
Waterbury, Connecticut
06702

Re:    **Anderson Kill & Olick v Robert L. Pressman**
       **Civil Action No 3:02 CV 01258 (GLG)**

Dear Judge Goettel:

**This is an emergency application for a stay of a judgment entered against me.**

**In connection with the above referenced matter, I was not represented by counsel at the jury trial where I was the defendant and not given the timely opportunity to engage counsel to represent me. I was required to defend myself, pro se.**

I am not currently represented by counsel, and am writing to you as a pro se party. I am by this letter making application to the United States District Court — District of Connecticut to stay the judgement entered by the United States District Court of Connecticut for the above referenced matter until the United States Court of Appeals renders its decision on my appeal.

After my former counsel in the above referenced matter was granted his motion to be relieved as my counsel by the United States District Court on September 25, 2003, which is 11 days before the commencement of jury selection in my case, I made an application on September 26, 2003 to adjourn the jury selection and trial for 60 days to allow me time to engage new counsel and for new counsel to prepare for trial. The United States District Court denied my application on October 3, 2003. Thus, I was required to appear on October 7, 2003 and select a jury and commence a trial without any legal representation.

## Summary of the Facts

1.  On July 22, 2002, I was sued by my former counsel, a New York City law firm, Anderson Kill & Olick, in connection with alleged legal fees due. These legal fees pertain to their representation of me for a matter involving disputes and substantial claims involving various family owned businesses.

2.  On September 11, 2003, the United States District Court issued a Ready Trial Order for Jury Cases ordering that the jury would be selected on October 7, 2003 and the trial would commence on October 16, 2003 **(see exhibit I attached)**.

3.  On September 11, 2003 my counsel filed a Motion to Be Relieved As Counsel, and the motion was granted by the United States District Court on September 25, 2003 and I was notified by my former counsel on September 26, 2003 **(see exhibit II attached)**, 10 days before the selection of the jury in my case.

4.  On September 26, 2003 I made an application (without the assistance of counsel) to the United States District Court to adjourn the jury selection and trial commencement for 60 days to allow me to engage new counsel and for them to prepare for the case **(see exhibit III attached)**.

5.  On October 2, 2003 the plaintiff submitted its response to my application to the United States District Court, but I did not receive a copy of such response until I appeared in court on October 7, 2003 to select a jury **(see exhibit IV attached)**.

6.  On October 3, 2003 the United States District Court denied my application for the 60-day adjournment, I was not given an opportunity to respond to the plaintiff's response to my application **(exhibit III)**. Further, I was directed by a clerk of the United States District Court to appear at the jury selection in 4 days on October 7, 2003.

7.  On October 7, 2003 I appeared pro se at the US District Court in Waterbury, Connecticut for the jury selection of my case. The United States District Court requested that plaintiff's counsel and myself attend a chambers conference. At this time, I again renewed my motion to the United States District Court to adjourn the trial for 60 days while I selected replacement counsel and new counsel had an opportunity to be prepare for trial. I told Judge Goettel that I was not an attorney, had no legal training, was not prepared to go to trial, and that I had no idea how to conduct a trial. The United States District Court denied this motion by me in his chambers, and directed me and plaintiff's attorney to appear immediately in the courtroom to select a jury.

8.  On October 7, 2003 I appeared without counsel in court to select a jury. The Plaintiff had two attorneys present. The jury was selected.

9.   On October 16, 2003 I appeared without counsel in court to commence the trial. The Plaintiff had two attorneys present. I was required to present my case, conduct cross-examination, rebuttal, make motions, etc. without counsel.

10.  On October 17, 2003 the jury trial concluded and the jury awarded $500,000 of the $712,000 claimed by the plaintiff, and on October 21,2003 the clerk of the court entered a judgment against me **(see exhibit V attached)**.

11.  On October  21  2003 I filed a Notice of Appeal in the above referenced matter **(see exhibit VI attached)**.

12.  On October 21, 2003, I filed with the United States Court of Appeals an Emergency Application for Stay of the Judgement **(see Exhibit VII attached)**, and the United States Court of Appeals on November 25, 2003 denied such motion pursuant to Rule 8(a)(1).  The defendant was (and is) acting in a pro se capacity and was unaware of such Rule. The defendant was informed of the decision via telephone by the clerk of the court on December 1, 2003.  I was also advised by the clerk that I could renew my application for an Emergency Stay to the Court of Appeals if I filed such Stay first with the United States District Court and the District Court denied such Stay.  I respectfully request that the United States District Court grant the Stay at this time.

13.  On November 18, 2003, the plaintiff filed a Memorandum of Opposition **(see Exhibit VIII attached)**.  The plaintiff argued (see page 3, paragraph A) that the defendant was required to make his Emergency Stay Motion first with the United States District Court under Rule 8(a)(1) before making such motion with the Court of Appeals.

14.  On December 1, 2003 the defendant filed an Emergency Motion for Stay with Judge Goettel of the United States District Court pursuant to paragraph 11 above, and pursuant to Rule 8(a)(1).

15.  The essence of my appeal is based on the following: (1) I was denied my application to adjourn the trial for 60 days until I engaged new counsel (notwithstanding that the United States District Court granted my now former counsel his motion to be relieved from the case 11 days before the commencement of the selection of the jury), (2) I was not allowed at my trial to argue certain defenses and submitting various documents and exhibits and (3) I respectfully believe that the United States District Court made prejudicial comments to the jury and provide misleading and inaccurate jury instructions.

**Issues**

1.  The plaintiff was granted a prejudgment remedy on August 15, 2002 attaching my interest (at that time) in a home in Greenwich, Connecticut for their entire alleged $712,000 claim **(exhibit IV, page 2, paragraphs 3 and 4)**.

2.  The plaintiff in their opposition response to my application to the United States District Court to adjourn the jury trial, claimed that they would be harmed if the trial was delayed; however, I understand that the prejudgment remedy granting a lien to the plaintiff for their entire claim grants them protection from the time the lien was filed, and that any delay in the final judgment awarded by the jury would have no affect on the prejudgment remedy lien. Although the plaintiff's argued in their opposition response papers to the United States District Court that they would harmed, I am advised that their argument is legally incorrect.

3.  As the defendant, I was required by the United States District Court to defend myself pro se for a jury trial. The issues were complicated because I had asserted substantial counter claims for malpractice by the plaintiff. As a result of my inability to defend myself, all of my counter claims were disallowed by the United States District Court because I did not meet certain standards such as providing an expert witness, all of which I have no understanding or knowledge.

4.  I only was able to call two witnesses, myself, and the attorney who is a partner of the plaintiff, who was sitting in the court at the time.

5.  I was not allowed to present to the jury my opening statement because the United States District Court ruled that I did not follow the procedure of notifying the opposing counsel.

6.  The United States District Court prevented me from presenting certain defenses, counter-claims, testimony and exhibits because he ruled that I did follow the proper procedure.

7.  I respectfully believe that the United States District Court make various prejudicial statements to the jury and provided misleading and inaccurate jury instructions. The Judge disallowed my comments in modifying the jury instructions and verdict sheet. All of these actions by the Judge influenced the jury and allowed for an adverse decision to me in this case.

8.  I have no legal education and am not a lawyer. I have no knowledge of court procedure, motion practice, jury selection, trial preparation, examination of witnesses, cross-examination, rebuttal, etc.

9.     I am greatly prejudiced and I believe that my constitutional rights to due process and a fair trial have been not been afforded to me. With the prejudgment remedy lien in place, the plaintiff is not harmed by a 60-day adjournment to the commencement of the selection of the jury and trial; however, I am greatly prejudiced and harmed.

10.     If I am not granted a stay of the judgement referred to herein I will suffer irrevocable injury because the plaintiff will commence collection action against me, and this will hinder my ability to pay alimony and child support.

## Immediate Remedy Requested

1.     I respectfully request that the United States District Court grant an immediate stay of the judgement against me dated October 21, 2003.

2.     I respectfully request that the United States District Court continue the stay until such time that my appeal with the United States Court of Appeals — Second District  has been heard and decided by the Appeals Court.

## Certification of Service

1.     I hereby certify that I have sent the original of this application and exhibits by Federal Express to the United States District Court at the address that first appeared above.

2.     I further certify that I have sent a copy of this application and exhibits, by US mail, postage prepaid, to the plaintiff's attorneys as follows:

> Attorney David Atkins
> Zeldes, Needle & Cooper, PC
> 1000 Lafayette Boulevard
> P.O. Box 1740
> Bridgeport, Connecticut 06601

Thank you for your consideration.

Sincerely,


_____
ROBERT L. PRESSMAN,
DEFENDANT
PRO SE

Dated: December 1, 2003


5

# EXHIBIT I

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
Anderson Kill & Olick, P.C.,          :
                                      :
              Plaintiff,              :
                                      :
        -against-                     :     No. 3: 02 CV 1258(GLG)
                                      :
Robert L. Pressman, et al.            :     READY TRIAL ORDER FOR
                                      :        JURY CASES
              Defendant.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

    This action has been marked ready for trial and placed on
the Jury Trial Calendar of this Court for <u>October 2003</u>.  Jury
Selection will take place at <u>9:00 a.m. on Tuesday, October 7,</u>
<u>2003</u>, at the United States Courthouse, 14 Cottage Place,
Waterbury, CT 06702.   The trial will begin on Thursday, October
16, 2003 at 9:30.

    Settlements in cases set for trial must be reported to
Chambers as early as possible.   In any settled case in which a
dismissal has not been filed with the Court prior to Jury
Selection, Counsel for all parties must appear at Jury Selection
to place the settlement on the record.

    A Trial Memorandum which complies with the District's
Standing Order Regarding Trial Memoranda in Civil Cases must be
filed with the Court and one copy submitted to Chambers no later
than one week before Jury Selection.   No exceptions to this rule
will be made. The Trial Memorandum should be prepared and
submitted jointly, if possible.   Counsel are also encouraged to
submit a proposed verdict form as part of their Trial Memorandum.
Although not required, it is appreciated if a computer disk with
the proposed requests to charge and verdict forms in WordPerfect
format is submitted to Chambers prior to the commencement of
trial.

    If no pretrial order has been prepared, Counsel should
exchange names of experts, with their qualifications and a
summary of their opinions, a week in advance of jury selection.
(This requirement does not excuse the failure to make, or extend
the time for, discovery responses concerning experts and
opinions.)   One court day before trial, Counsel for all parties
should meet to pre-mark all exhibits.   Plaintiff's exhibits
should be marked numerically beginning with "1," and defendant's
exhibits should be marked alphabetically beginning with "A."
Stipulations narrowing issues or proof should also be submitted
at that time.

Motions in limine concerning evidentiary matters are not encouraged. The trial memoranda should discuss anticipated evidentiary problems. If a motion in limine is necessary, it must be filed at least one week prior to jury selection, so as to allow the opposing party an opportunity to respond.

Counsel are expected to cooperate with each other in the scheduling and production of witnesses. Witnesses may be taken out of order where necessary. Every effort should be made to avoid calling a witness twice (as an adverse witness and later as a party's witness). A sufficient number of witnesses should be available in Court to testify so that a party does not run out of witnesses. Running out of witnesses may be taken by the Court as resting your case.

SO ORDERED.

Dated: September 11, 2003
        Waterbury, CT

GERARD L. GOETTEL
U.S.D.J.

## NOTICE CONCERNING IMPENDING CIVIL JURY TRIAL

All requests to charge must be submitted with the Trial Memorandum. However, if necessary to conform to the evidence and the Court's rulings during trial, these may be supplemented during the trial. Only instructions dealing with the substantive issues in the case need be presented. The Court's standard introductory and concluding instructions may be obtained from the law clerks. Instructions should be drafted specifically to take into account the facts and issues of the particular case, and in plain language; do not submit copies from form books.

In accordance with the Local Rules of this District, if Counsel wish to present Opening Statements, they must notify the Court and opposing Counsel prior to the commencement of the trial. During trial, bench conferences should be minimized. Counsel should raise anticipated problems at the start or the end of the trial day, or during a recess. In closing arguments, Counsel should not express their personal opinions or ask jurors to place themselves in the position of a party, or to consider possible consequences of the litigation beyond the evidence presented.

The jury will be selected by the "Struck Jury" system. Sufficient jurors will be seated to accommodate the maximum number of peremptory challenges allowed. Jurors excused for cause or by consent will be replaced. All parties will exercise all of their peremptory challenges simultaneously.

GERARD L. GOETTEL
U.S.D.J.

# EXHIBIT II

LAW OFFICES
EARLE GIOVANNIELLO

59 ELM STREET
SUITE 215
NEW HAVEN, CONNECTICUT 06510
(203) 777-4003
FAX: (203) 777-3993

egiovanniello@erols.com

September 26, 2003

**BY CERTIFIED MAIL**
Mr. Robert Pressman
Cushman & Wakefield, Inc.
51 West 52nd Street
New York, NY 10019

Re:  **Anderson Kill v. Pressman**
Dear Bob:

As we discussed on the telephone today, the Court
granted my motion to be relieved as counsel.  Enclosed is a copy
of the order.  Please note that failure to either engage
successor counselor or to file a <u>pro se</u> appearance may result in
a dismissal or default being entered against you.

Please note that jury selection is scheduled for
October 7, 2003 at the Courthouse at 14 Cottage Place, Waterbury,
CT 06702.  The trial is scheduled to begin on October 16, 2003.

Sincerely,

Earle Giovanniello

EG:rl

U.S. DISTRICT COURT
WATERBURY, CONN.

SEP 12  10 58 AM '03

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
--------------------------------X
Anderson Kill & Olick, P.C.,

      Plaintiff,

    v.

Robert L. Pressman,

      Defendant.

--------------------------------X

Civil Action No.
3:02 CV 01258 (GLG)

September 11, 2003

## MOTION TO BE RELIEVED AS COUNSEL

    Earle Giovanniello, Esq. respectfully moves to be relieved as counsel for defendant Robert L. Pressman. In support of that motion, Attorney Giovanniello alleges as follows:

1.    I represent defendant Robert L. Pressman.

2.    I agreed to represent defendant Robert L. Pressman in this action. In exchange for those services, defendant Pressman agreed to pay my hourly rate ($175.00 per hour) and to reimburse my expenses. In August, 2002, defendant Pressman paid a $5,000.00 retainer to me in two payments. Since then, I have incurred $15,157.65 in fees and expenses, leaving a balance due of $10,157.65. Despite being sent monthly invoices, defendant Pressman has not paid the amount due.

1

Motion GRANTED.

_____
Gerard L. Goettel, USDJ

FILED '03
SEP 25  I 11 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

**EXHIBIT III**

**Robert L. Pressman**
51 West 52ⁿᵈ Street
New York, New York 10019
Tel. 212.841.7587
Fax 212-841.841.7739

September 26, 2003

The Honorable Gerald L. Goettel
United States District Judge
United States District Court in Connecticut
14 Cottage Place
Waterbury, CT 06702
Via:    FedEx
Fax:    203-579-5867
        203-773-2334

Re:    Anderson Kill & Olick, P.C. v Robert L. Pressman
       Civil Action No. 3:02 CV 01258 (GLG)

Dear Judge Goettel

I am the defendant in the above captioned matter. Pursuant to the order dated (see attached), my counsel was granted his motion to be relieved as my counsel. Accordingly, I am currently without legal representation.

I am informed that the above captioned matter has been placed on the calendar to select a jury on or about October 7, 2003, and for trial the week after that date. I respectfully request that the Court grant a 60 day extension of time in light of the above circumstances, which will allow me time to select replacement counsel, and additionally allow new counsel to familiarize themselves with the case and prepare for trial. I am not an attorney and do not have the expertise to select a jury nor to defend myself adequately in this case.

Thank you for considering my request.

Sincerely,

Robert L. Pressman

# EXHIBIT IV

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ANDERSON, KILL & OLICK, P.C.,            :

              **Plaintiff,**            :

    V.            :            NO. 3:02CV1258 (GLG)

ROBERT L. PRESSMAN,            :

           **Defendant.**            :            OCTOBER 2, 2003

## MEMORANDUM OF PLAINTIFF
## IN OPPOSITION TO DEFENDANT'S
## REQUEST FOR A CONTINUANCE OF TRIAL DATE

Plaintiff Anderson, Kill & Olick, P. C. submits this Memorandum in opposition to the continuance request set forth in the letter from Robert L. Pressman to the Court dated September 26, 2003, a copy of which the undersigned received (from the Court) on September 30, 2003.

In opposing Plaintiff's request for a 60-day continuance of the October 16 date currently scheduled for trial, Plaintiff states as follows:

1. This action was commenced by a Summons and Complaint dated July 22, 2002. Plaintiff seeks to recover from Defendant an unpaid balance for fees and disbursements for legal services provided to Defendant in connection with a 1999 civil action brought against him in the New York Supreme Court by his two sisters. Prior to the trial in the action in 2002, the New York court (Moscowitz, J.) granted the Plaintiff-firm's request to withdraw as Defendant's counsel based on his failure to pay his significant unpaid account. Portions of that unpaid balance relate to services performed for Defendant dating back at least three years.

Judicial District of New Haven
**SUPERIOR COURT**
**FILED**

OCT 06 2003

2. On or about August 12, 2003, an Appearance for Defendant was filed in this action by Earle Giovanniello, Esq.

3. By a ruling entered in this action dated August 15, 2002, the Court (Fitzsimmons, M. J.), following a nearly full-day contested evidentiary hearing relating to the claims, defenses and counterclaims, found probable cause that a judgment would enter in favor of Plaintiff in the full amount of its claim. Accordingly, the Court granted Plaintiff's Application For Prejudgment Remedy in the amount of $712,027.87 in accordance with Connecticut General Statutes §52-278c(a)(2).

4. On August 22, 2002, Plaintiff recorded its prejudgment attachment in the land records of the Town of Greenwich against Defendant's interest in the residence he jointly owns with his wife (hereinafter, "the Greenwich residence").

5. On or about August 7, 2003, the Court (Nevas, J.) sent a written notice to counsel for both parties scheduling "a Pretrial Conference" for September 9, 2003.

6. In advance of that status conference, the undersigned advised Defendant's counsel that at the September 9 status conference, Plaintiff would request that the Court schedule the matter for the earliest possible date for both jury selection and trial. Defendant's counsel did not object to this request.

7. At the September 9 status conference, the undersigned requested that Judge Nevas schedule the earliest possible trial date. Again, Defendant's counsel did not tell the Court that Defendant had any objection to that request.

2

8.  By Order dated September 11, 2003, this Court set the trial date in this action for Thursday, October 16, 2003.

9.  By Order dated September 24, 2003, this Court granted the September 11 motion of Attorney Giovanniello for leave to withdraw his Appearance for Defendant in this action.  The basis of counsel's request was, ironically enough, the same basis as the Plaintiff-law firm's request to the New York court last year: Defendant's non-payment of legal fees then due and owing.  As of the date of Attorney Giovanniello's "Motion To Be Relieved As Counsel", that balance (as described in the Motion) was $9,877.65.

10. Plaintiff has not presented the Court with any good cause for his continuance request.  Among other things, he has not told the Court why he is unable (or unwilling) to make attempts to pay his outstanding account with Attorney Giovanniello.  He has not explained why — if he now pays what he owes to Attorney Giovanniello — Mr. Giovanniello would require a trial continuance after having previously made no objection to the October trial date.  In addition, Defendant has not explained how he plans to retain new trial counsel — within 60 days — in light of his apparent inability to pay the approximate $9,877 he owes Attorney Giovanniello.

11. In addition, a continuance of the current October 16 trial date will prejudice Plaintiff.  Notwithstanding, the prejudgment attachment currently in place, a delay in the trial date in this case will jeopardize that attachment because of the following circumstances:

3

- By a Summons and Complaint signed on July 12, 2002, Defendant's wife served an action against Defendant for legal separation, returnable to the Connecticut Superior Court in Bridgeport. *Pressman v. Pressman*, No. FA-02-0394584 (Conn. Super. Ct., Judicial District of Fairfield). In connection with that action, Defendant's wife also recorded, on July 12, 2002, a lis pendens on the couple's Greenwich residence -- the same property against which Plaintiff's court-authorized attachment in this action would be recorded on August 22, 2002. The Complaint in *Pressman v. Pressman* was signed on the *same day* that a final decision was entered against Defendant in the underlying New York action. That decision was later reduced to a final judgment against Defendant (dated August 7, 2002) in the amount of $11,316,761.

- On October 30, 2002 -- two days after the first date on which *Pressman v. Pressman* could even be properly be adjudicated under Connecticut law -- Mr. and Mrs. Pressman appeared before a state court judge. At that hearing, Defendant filed no claims for relief and raised no objection to his wife's claims. His counsel did not cross-examine the wife. Moreover, Defendant testified that in his opinion, his wife's claims for relief were fair and equitable. At the conclusion of the October 30 hearing, the state court judge entered a judgment of legal separation as requested. The separation judgment -- entered less than 90 days after the $11.3 million New York judgment had entered against Defendant, together with a restraining order actually prohibiting Defendant from making *any* voluntary

4

transfer of his assets -- included a decree transferring Defendant's entire interest in the Greenwich residence to his wife.

- By a Memorandum of Decision dated June 25, 2003, the same Connecticut Superior Court judge vacated the earlier legal separation judgment "as to all financial and property orders", including the court-ordered transfer of Defendant's interest in the Greenwich residence. The Court based its ruling on findings, *inter alia*, that, during the October 30, 2002 hearing, the parties had failed to present to the Court the decision of the New York state court judge in the underlying litigation. Specifically, the  Court  pointed to the fact that neither side in *Pressman v. Pressman* advised the court about the New York court's "findings that the defendant had breached his fiduciary obligations to his sisters as trustee of trusts of which they were beneficiaries, engaged in acts of self-dealing, committed fraud as trustee and converted trust assets to his own benefit." The Court also specifically relied on the "coincidence in timing of" the initiation of *Pressman v. Pressman* "with the timing of" the $11.3 million award against Defendant.  Accordingly, the Connecticut court reopened its previous judgment and ordered a full hearing relating to the equitable division of the Pressmans' property, including the Greenwich residence.  A copy of the Connecticut state court's June 25, 2003 Memorandum of Decision in *Pressman v. Pressman* is attached at Tab A to this Memorandum.

5

- The hearing the Superior Court directed in *Pressman v. Pressman* currently is scheduled to begin on November 10, 2003. In addition, Defendant's sisters – the claimants in the underlying New York litigation – have recorded a judgment lien against the Greenwich residence securing their New York judgment against Defendant for $11,316,761. Liens by other creditors of Defendant – including a mortgage lender – also have been recorded on the property. In addition, that mortgagee has commenced a foreclosure action on the Greenwich residence which remains pending.

- Further delaying Plaintiff's ability to obtain a judgment and a judgment lien in this action will only expose Plaintiff to an increasing number of challenges to its attachment from the numerous creditors now holding an interest in the same Greenwich residence on which Plaintiff's prejudgment attachment is recorded, including, possibly, the foreclosing mortgagee. In addition, there are potential outcomes in *Pressman v. Pressman* – in which the trial now is scheduled for this November – which could undermine Plaintiff's attachment rights. For example, it is possible that if Mrs. Pressman's lis pendens is deemed valid, she will challenge Plaintiff's security interest in the Greenwich residence in the absence of a judgment lien.

- Defendant has, in the past, repeatedly frustrated efforts to ensure payment of his accounts and has used delay as a tactic. Indeed, the judge in the underlying New York action made a finding last year in that action

6

which is fully applicable to Defendant's pending continuance request in the present case: "Defendant...further delayed the [New York] case by refusing to pay his lawyers... ." *See* attached Memorandum of Decision at 4 n.1. In addition, he repudiated a resolution reached as a result of mediation with the Plaintiff-law firm ordered by the New York court in the underlying litigation in early 2002. The "coincidence in [the] timing" of his matrimonial case, which the Connecticut family law judge specifically identified as a basis to vacate the collusive October, 2002 court-ordered property transfer, only supports the conclusion that Plaintiff's attachment will be put at risk if this Court permits Defendant's latest effort at delay.

12. In addition, in light of what the undersigned understands to be the Court's winter travel schedule, the Court appears not to be able to schedule a trial between November 1, 2003 and January 1, 2004. A continuance of the October 16 trial date would therefore postpone a trial even beyond the 60 days requested by Defendant.

7

13. Defendant should not be allowed to use his failure to meet his payment obligations to his *current* counsel as a means of further obstructing his three-year failure to meet his payment obligations to his *former* counsel.

Date: October 2, 2003

David P. Atkins (ct04189)

Zeldes, Needle & Cooper
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, CT 06601
Phone:    (203) 333-9441
Fax:      (203) 333-1489
E-Mail:   datkins@znclaw.com

Attorneys for Plaintiff
Anderson, Kill & Olick, P. C.

8

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing has been sent via certified

United States mail, postage prepaid, on this date to:

Robert L. Pressman
51 West 52nd Street
New York, NY, 10019

Dated at Bridgeport, Connecticut this 2nd day of October, 2003.


David P. Atkins

6

# EXHIBIT V

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ANDERSON, KILL & OLICK, P.C.

v.                                           Civil No. 3:02CV1258 GLG

ROBERT L. PRESSMAN

### J U D G M E N T

This matter came on for trial before a jury and the Honorable Gerard L. Goettel, Senior United States District Judge.   On October 17, 2003, the jury returned a verdict for plaintiff, Anderson, Kill & Olick and awarded damages in the amount of $500,000.00.

Therefore, it is hereby ORDERED, ADJUDGED and DECREED that judgment is entered for the plaintiff Anderson, Kill & Olick in the amount of $500,000.00 and the case is closed.

Dated at New Haven, Connecticut this 21st day of October,  2003.

KEVIN F. ROWE, Clerk
By

Frank DePino
Deputy Clerk

EOD _____

US DISTRICT COURT

203 773 2334   P. 03

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
ANDERSON, KILL & OLICK, P.C.,          :
                        Plaintiff,     :
        v.                             :      NO. 3:02CV1258(GLG)
ROBERT L. PRESSMAN,                    :
                        Defendant.     :
------------------------------------X

### VERDICT FORM
#### (SPECIAL INTERROGATORIES)

## Claim for Breach of Contract

As to the Breach of Contract claim of Plaintiff Anderson, Kill & Olick, P.C. against Defendant Robert L. Pressman, please answer the following questions:

1.  Has Plaintiff Anderson, Kill & Olick, P.C. proven, by the preponderance of the evidence, that it provided legal services to Robert L. Pressman?

_____ yes                    _____ no

If you answered no to question 1, you do not need to answer any further questions. If you answered yes, proceed to question 2.

2.  Has Plaintiff Anderson, Kill & Olick, P.C. proven, by the preponderance of the evidence, that Robert L. Pressman breached his agreement with Anderson, Kill & Olick, by failing to pay for the legal services Anderson, Kill & Olick provided?

_____ yes                    _____ no

1