If you answered no to question 2, you do not need to answer any further questions. If you answered yes, proceed to question 3.

3.   Has Plaintiff Anderson, Kill & Olick, P.C. proven, by the preponderance of the evidence, that the breach of the agreement for legal services caused it economic harm?

_____✓_____ yes          ~~void~~ _Rih 10/17/03_ no

If you answered no to question 3, you do not need to answer any further questions. If you answered yes, proceed to question 4.

4.   State the amount to be awarded as damages to Anderson, Kill & Olick: ___500,000.00___.

You have finished your deliberations.  The Foreperson should sign and date the Verdict Form.

___10/17/03___
Date

_[Foreperson Signature]_
Foreperson Signature

2





**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**141 CHURCH ST.**
**NEW HAVEN, CONNECTICUT 06510**

TO: *Robert Pressman*

FROM:

DATE:

PAGES [EXCLUDING COVER SHEET]:

RE:

RESPOND TO: (203) 773-2140 (VOICE)
(203) 773-2334 (FAX)

# EXHIBIT VI

**Robert L. Pressman**
**51 West 52ⁿᵈ Street**
**New York, New York 10019**
**Tel. 212-841-7587**
**Fax 212-841-7739**

October 21, 2003

Court Clerk
United States District Court
District of Connecticut
14 Cottage Place
Waterbury, Connecticut
06702

Re:    **Anderson Kill & Olick v Robert L. Pressman**
        **Civil Action No 3:02 CV 01258 (GLG)**

Dear Ladies and Gentlemen:

Please find enclosed for filing a Notice of Appeal and a check for $105 with respect to the above referenced matter on behalf of Robert L. Pressman, defendant.

Sincerely

ROBERT L. PRESSMAN
DEFENDANT
PRO SE

## NOTICE OF APPEAL

**Robert L. Pressman**
**51 West 52nd Street**
**New York, New York 10019**
**Tel. 212-841-7587**
**Fax 212-841-7739**

October 21, 2003

Court Clerk
United States District Court
District of Connecticut
14 Cottage Place
Waterbury, Connecticut
06702

Court Clerk
United States Court House
United States Court of Appeals
40 Foley Square
New York, New York
10007

Re:    **Anderson Kill & Olick v Robert L. Pressman**
       **Civil Action No 3:02 CV 01258 (GLG)**

Dear Ladies and Gentlemen:

By this letter, I hereby make application to the United States Court of Appeals to appeal the order, decision, verdict and judgment in connection with the above referenced matter. The judgment and order from which I am entitled to appeal was entered on October 21, 2003 and ordered by Judge Gerard Goettel of the United States District Court of Connecticut sitting in Waterbury, Connecticut.

I hereby certify that I have delivered a notice of this appeal to the plaintiff's counsel and mailed same, postage prepaid, to:

Attorney David Atkins
Zeldes, Needle & Cooper, PC
1000 Lafayette Boulevard
P.O. Box 1740
Bridgeport, Connecticut 06601

Thank you for your courtesies.

Sincerely,

ROBERT L. PRESSMAN
DEFENDANT
PRO SE

# Exhibit VII

# United States Court of Appeals
## for the Second Circuit

Thurgood Marshall United States Courthouse
40 Centre Street
New York, NY  10007
(212) 857-8500

**John M. Walker, Jr.**
**Chief Judge**

**Roseann B. MacKechnie**
**Clerk of Court**

DATE: November 12, 2003

TO: Robert L. Pressman
    51 W. 52nd St.
    New York, NY 10019

RE: **Anderson, Kill  v. Pressman**

DOCKET NO: 03-9083

Your motion for **STAY OF JUDGMENT.** Has been received and filed. It has been added to the substantive motions calendar for **Tuesday, November 25, 2003 ***ON SUBMISSION*****

There will be no oral argument on this motion.

Opposing papers, if any, must be filed in quintuplicate with proof of service. Such papers must be filed not later than seven days after service of a motion served in person, or ten days after service of a motion served by mail, but in no event later than 12:00 noon of the Thursday preceding the Tuesday for which the motion is noticed (See Local Rule § 27

Very truly yours,

Roseann B. MacKechnie, CLERK
by: Ana Vargas

Calendar Deputy Clerk

cc: David P. Atkins Esq.
    John E. Meerbergen, Esq.

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse at Foley Square    40 Centre Street, New York, NY 10007   Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

_ANDERSON KILL v PRESSM_
Caption [use short title]

Docket Number(s): _03-9083_

Motion for: _STAY OF JUDGEMENT_

Set forth below precise, complete statement of relief sought:

_THE U.S. DISTRICT JUDGE REFUSED TO ALLOW ME TIME TO ENGAGE COUNSEL. SEE PAPERS FILED AND ATTACHED._

MOVING PARTY: _ROBERT L. PRESSMAN_   OPPOSING PARTY: _ANDERSON KILL_
☐ Plaintiff   ☒ Defendant _PRO SE_
☐ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: _ROBERT L. PRESSMAN_   OPPOSING ATTORNEY [Name]: _DAVID P ATKINS_
[name of attorney, with firm, address, phone number and e-mail]   [name of attorney, with firm, address, phone number and e-mail]
_APPEARING PRO SE_   _ZELDES NEEDLE & COOPER_
_LOCATED AT:_   _1000 LAFAYETTE BLVD_
_51 WEST 52nd STREET_   _BRIDGEPORT, CT_
_NEW YORK, NY 10019_   _06601_
_212-841-7587_   _203-331-1489_

Court-Judge/Agency appealed from: _JUDGE GERARD GOETTEL OF U.S. DISTRICT COURT OF CONNECTICUT_

Please check appropriate boxes:

Has consent of opposing counsel:
A. been sought?   ☐ Yes   ☒ No
B. been obtained?   ☐ Yes   ☒ No

Is oral argument requested?   ☐ Yes   ☒ No
(requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes   ☒ No
If yes, enter date _____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?   ☒ Yes   ☐ No

Has this relief been previously sought
in this Court?   ☐ Yes   ☒ No

Requested return date and explanation of emergency:
_AS SOON AS POSSIBLE_

Signature of Moving Attorney:
_R.L. PRESSMAN, PRO SE_   Date: _10/27/03_

Has service been effected?   ☒ Yes   ☐ No
[Attach proof of service]   _SEE ATTACHED PAPE,_

_(SEE PG.4 OF LETTER_

**ORDER**

IT IS HEREBY ORDERED THAT the motion is GRANTED   DENIED.

**FOR THE COURT:**
ROSEANN B. MacKECHNIE, Clerk of Court

Date: _____   By: _____

**Form T-1080** (Revised 10/31/02).

# EMERGENCY APPLICATION FOR STAY

**Robert L. Pressman**
**51 West 52nd Street**
**New York, New York 10019**
**Tel. 212-841-7587**
**Fax 212-841-7739**

October 21, 2033

Court Clerk
United States Court House
United States Court of Appeals – Second Circuit
40 Foley Square
New York, New York

Re:    **Anderson Kill & Olick v Robert L. Pressman**
       **Civil Action No 3:02 CV 01258 (GLG)**

Dear Ladies and Gentlemen:

**This is an emergency application for a stay of a judgment entered against me.**

**In connection with the above referenced matter, I was not represented by counsel at the jury trial where I was the defendant and not given the opportunity by the presiding judge to engage counsel to represent me. I was required to defend myself, pro se.**

I am not currently represented by counsel, and am writing to you as a pro se party. I am by this letter making application to the United States Court of Appeals — Second Circuit to stay the judgement entered by the United States District Court of Connecticut for the above referenced matter until the United States Court of Appeals renders its decision on my appeal.

After my former counsel in the above referenced matter was granted his motion to be relieved as my counsel by United States District Judge Gerard Goettel on September 25, 2003, which is 11 days before the commencement of jury selection in my case, I made an application on September 26, 2003 to adjourn the jury selection and trial for 60 days to allow me time to engage new counsel and for new counsel to prepare for trial. Judge Goettel denied my application on October 3, 2003. Thus, I was required to appear on October 7, 2003 and select a jury and commence a trial without any legal representation.

## Summary of the Facts

1.    On July 22, 2002, I was sued by my former counsel, a New York City law firm, Anderson Kill & Olick, in connection with alleged legal fees due. These legal fees pertain to their representation of me for a matter involving disputes and substantial claims involving various family owned businesses.

2.    On September 11, 2003, Judge Goettel issued a Ready Trial Order for Jury Cases ordering that the jury would be selected on October 7, 2003 and the trial would commence on October 16, 2003 **(see exhibit I attached)**.

3.    On September 11, 2003 my counsel filed a Motion to Be Relieved As Counsel, and the motion was granted by Judge Goettel on September 25, 2003 and I was notified by my former counsel on September 26, 2003 **(see exhibit II attached)**, 10 days before the selection of the jury in my case.

4.    On September 26, 2003 I made an application (without the assistance of counsel) to Judge Goettel to adjourn the jury selection and trial commencement for 60 days to allow me to engage new counsel and for them to prepare for the case **(see exhibit III attached)**.

5.    On October 2, 2003 the plaintiff submitted its response to my application to Judge Goettel, but I did not receive a copy of such response until I appeared in court on October 7, 2003 to select a jury **(see exhibit IV attached)**.

6.    On October 3, 2003 Judge Goettel denied my application for the 60-day adjournment, I was not given an opportunity to respond to the plaintiff's response to my application **(exhibit III)**. Further, I was directed my Judge Goettel's clerk to appear at the jury selection in 4 days on October 7, 2003.

7.    On October 7, 2003 I appeared pro sat the US District Court in Waterbury, Connecticut for the jury selection of my case. Judge Goettel requested that plaintiff's counsel and myself attend a chambers conference. At this time, I again renewed my motion to Judge Goettel to adjourn the trial for 60 days while I selected replacement counsel and new counsel had an opportunity to be prepare for trial. I told Judge Goettel that I was not an attorney, had no legal training, was not prepared to go to trial, and that I had no idea how to conduct a trial. Judge Goettel denied this motion by me in his chambers, and directed me and plaintiff's attorney to appear immediately in the court room to select a jury.

8.    On October 7, 2003 I appeared without counsel in court to select a jury. The Plaintiff had two attorneys present. The jury was selected.

9.    On October 16, 2003 I appeared without counsel in court to commence the trial. The Plaintiff had two attorneys present. I was required to present my case, conduct cross-examination, rebuttal, make motions, etc. without counsel.

10.   On October 17, 2003 the jury trial concluded and the jury awarded $500,000 of the $712,000 claimed by the plaintiff, and on October 21,2003 the clerk of the court entered a judgment against me **(see exhibit V attached)**.

11.   On October 22 2003 I filed a Notice of Appeal in the above referenced matter **(see exhibit VI)**.

12.   The essence of my appeal will be based the errors committed by Judge Goettel in: (1) not allowing me to engage counsel in the above referenced matter,

2

notwithstanding that Judge Goettel granted my now former counsel his motion to be relieved from the case 11 days before the commencement of the selection of the jury, (2) denying my application to adjourn for 60 days the trial until I engaged new counsel, (3) preventing me from arguing certain defenses and submitting various documents and exhibits and (4) making prejudicial comments to the jury and providing misleading and inaccurate jury instructions.

**Issues**

1. The plaintiff was granted a prejudgment remedy on August 15, 2002 attaching my interest (at that time) in a home in Greenwich, Connecticut for their entire alleged $712,000 claim **(exhibit IV, page 2, paragraphs 3 and 4)**.

2. The plaintiff in their opposition response to my application to Judge Goettel to adjourn the jury trial, claimed that they would be harmed if the trial was delayed; however, I understand that the prejudgment remedy granting a lien to the plaintiff for their entire claim grants them protection from the time the lien was filed, and that any delay in the final judgment awarded by the jury would have no affect on the prejudgment remedy lien. Although the plaintiff's argued in their opposition response papers to Judge Goettel that they would harmed, I am advised that their argument is legally incorrect.

3. As the defendant, I was required by Judge Goettel to defend myself pro se for a jury trial. The issues were complicated because I had asserted substantial counter claims for malpractice by the plaintiff. As a result of my inability to defend myself, all of my counter claims were disallowed by Judge Goettel because I did not meet certain standards such as providing an expert witness, all of which I have no understanding or knowledge.

4. I only was able to call two witnesses, myself, and the attorney who is a partner of the plaintiff, who was sitting in the court at the time.

5. I was not allowed to present to the jury my opening statement because Judge Goettel ruled that I did not follow the procedure of notifying the opposing counsel.

6. Judge Goettel prevented me from presenting certain defenses, counter-claims, testimony and exhibits because he ruled that I did follow the proper procedure.

7. Judge Goettel make various prejudicial statements to the jury and provided misleading and inaccurate jury instructions. The Judge disallowed my comments in modifying the jury instructions and verdict sheet. All of these actions by Judge Goettel influenced the jury and allowed for an adverse decision to me in this case.

8. I have no legal education and am not a lawyer. I have no knowledge of court procedure, motion practice, jury selection, trial preparation, examination of witnesses, cross-examination, rebuttal, etc.

3

9.   am greatly prejudiced and I believe that my constitutional rights to due process and a fair trial have been not been afforded to me. With the prejudgment remedy lien in place, the plaintiff is not harmed by a 60-day adjournment to the commencement of the selection of the jury and trial; however, I am greatly prejudiced and harmed.

10.  If I am not granted a stay of the judgement referred to herein I will suffer irrevocable injury because the plaintiff will commence collection action against me, and this will hinder my ability to pay alimony and child support.

**Immediate Remedy Requested**

1.   I respectfully request that the United States Court of Appeals grant an immediate stay of the judgement against me dated October 21, 2003.

2.   I respectfully request that the United States Court of Appeals continue the stay until such time that my appeal has been heard and decided by the Court.

**Certification of Service**

1.   I hereby certify that I have sent the original of this application and exhibits by Federal Express to the United States Court of Appeals at the address that first appeared above.

2.   I further certify that I have sent a copy of this application and exhibits, by US mail, postage prepaid, to the plaintiff's attorneys **(exhibit VI; see 2nd paragraph)** as follows:

> **Attorney David Atkins**
> Zeldes, Needle & Cooper, PC
> 1000 Lafayette Boulevard
> P.O. Box 1740
> Bridgeport, Connecticut 06601

Thank you for your consideration.

Sincerely,

ROBERT L. PRESSMAN,
DEFENDANT
PRO SE

Dated: October 21, 2003

4

**EXHIBIT I**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------X
Anderson Kill & Olick, P.C.,          :
                                      :
            Plaintiff,                :
                                      :
            -against-                 :        No. 3: 02 CV 1258(GLG)
                                      :
Robert L. Pressman, et al.            :        READY TRIAL ORDER FOR
                                      :        JURY CASES
            Defendant.                :
-------------------------------X

    This action has been marked ready for trial and placed on the Jury Trial Calendar of this Court for <u>October 2003</u>.  Jury Selection will take place at <u>9:00 a.m. on Tuesday, October 7, 2003</u>, at the United States Courthouse, 14 Cottage Place, Waterbury, CT 06702.  The trial will begin on Thursday, October 16, 2003 at 9:30.

    Settlements in cases set for trial must be reported to Chambers as early as possible.  In any settled case in which a dismissal has not been filed with the Court prior to Jury Selection, Counsel for all parties must appear at Jury Selection to place the settlement on the record.

    A Trial Memorandum which complies with the District's Standing Order Regarding Trial Memoranda in Civil Cases must be filed with the Court and one copy submitted to Chambers no later than one week before Jury Selection.  No exceptions to this rule will be made. The Trial Memorandum should be prepared and submitted jointly, if possible.  Counsel are also encouraged to submit a proposed verdict form as part of their Trial Memorandum. Although not required, it is appreciated if a computer disk with the proposed requests to charge and verdict forms in WordPerfect format is submitted to Chambers prior to the commencement of trial.

    If no pretrial order has been prepared, Counsel should exchange names of experts, with their qualifications and a summary of their opinions, a week in advance of jury selection. (This requirement does not excuse the failure to make, or extend the time for, discovery responses concerning experts and opinions.)  One court day before trial, Counsel for all parties should meet to pre-mark all exhibits.  Plaintiff's exhibits should be marked numerically beginning with "1," and defendant's exhibits should be marked alphabetically beginning with "A." Stipulations narrowing issues or proof should also be submitted at that time.

Motions in limine concerning evidentiary matters are not encouraged. The trial memoranda should discuss anticipated evidentiary problems. If a motion in limine is necessary, it must be filed at least one week prior to jury selection, so as to allow the opposing party an opportunity to respond.

Counsel are expected to cooperate with each other in the scheduling and production of witnesses. Witnesses may be taken out of order where necessary. Every effort should be made to avoid calling a witness twice (as an adverse witness and later as a party's witness). A sufficient number of witnesses should be available in Court to testify so that a party does not run out of witnesses. Running out of witnesses may be taken by the Court as resting your case.

SO ORDERED.

Dated: September 11, 2003
      Waterbury, CT

GERARD L. GOETTEL
U.S.D.J.

## NOTICE CONCERNING IMPENDING CIVIL JURY TRIAL

All requests to charge must be submitted with the Trial Memorandum.  However, if necessary to conform to the evidence and the Court's rulings during trial, these may be supplemented during the trial. Only instructions dealing with the substantive issues in the case need be presented.  The Court's standard introductory and concluding instructions may be obtained from the law clerks.  Instructions should be drafted specifically to take into account the facts and issues of the particular case, and in plain language; do not submit copies from form books.

In accordance with the Local Rules of this District, if Counsel wish to present Opening Statements, they must notify the Court and opposing Counsel prior to the commencement of the trial.  During trial, bench conferences should be minimized. Counsel should raise anticipated problems at the start or the end of the trial day, or during a recess.  In closing arguments, Counsel should not express their personal opinions or ask jurors to place themselves in the position of a party, or to consider possible consequences of the litigation beyond the evidence presented.

The jury will be selected by the "Struck Jury" system. Sufficient jurors will be seated to accommodate the maximum number of peremptory challenges allowed.  Jurors excused for cause or by consent will be replaced.  All parties will exercise all of their peremptory challenges simultaneously.

GERARD L. GOETTEL
U.S.D.J.

# EXHIBIT II

LAW OFFICES
EARLE GIOVANNIELLO

59 ELM STREET
SUITE 215
NEW HAVEN, CONNECTICUT 06510
(203) 777-4003
FAX: (203) 777-3993
egiovanniello@erols.com

September 26, 2003

**BY CERTIFIED MAIL**
Mr. Robert Pressman
Cushman & Wakefield, Inc.
51 West 52nd Street
New York, NY 10019

Re:    **Anderson Kill v. Pressman**

Dear Bob:

As we discussed on the telephone today, the Court granted my motion to be relieved as counsel.  Enclosed is a copy of the order.  Please note that failure to either engage successor counselor or to file a pro se appearance may result in a dismissal or default being entered against you.

Please note that jury selection is scheduled for October 7, 2003 at the Courthouse at 14 Cottage Place, Waterbury, CT 06702.  The trial is scheduled to begin on October 16, 2003.

Sincerely,

Earle Giovanniello

EG:rl

U.S. DISTRICT COURT
WATERBURY

SEP 12  10 58 AM '03

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------X
Anderson Kill & Olick, P.C.,

      Plaintiff,

   v.

Robert L. Pressman,

      Defendant.

------------------------------X

Civil Action No.
3:02 CV 01258 (GLG)

September 11, 2003

**MOTION TO BE RELIEVED AS COUNSEL**

Earle Giovanniello, Esq. respectfully moves to be
relieved as counsel for defendant Robert L. Pressman.  In support
of that motion, Attorney Giovanniello alleges as follows:

1.   I represent defendant Robert L. Pressman.

2.   I agreed to represent defendant Robert L. Pressman
     in this action.  In exchange for those services,
     defendant Pressman agreed to pay my hourly rate
     ($175.00 per hour) and to reimburse my expenses.
     In August, 2002, defendant Pressman paid a
     $5,000.00 retainer to me in two payments.  Since
     then, I have incurred $15,157.65 in fees and
     expenses, leaving a balance due of $10,157.65.
     Despite being sent monthly invoices, defendant
     Pressman has not paid the amount due.

Motion GRANTED.

_____
Gerard L. Goettel, USDJ

FILED
SEP 25  1 11 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

1

# EXHIBIT III

RECEIVED
U.S. DISTRICT COURT
SEP 29  19 37 PM '03
CHAMBERS OF
GERARD L. GOETTEL
U.S. DISTRICT JUDGE

**Robert L. Pressman**
51 West 52nd Street
New York, New York  10019
Tel.  212.841.7587
Fax  212.841.841.7739

September 26, 2003

The Honorable Gerald L. Goettel
United States District Judge
United States District Court in Connecticut
14 Cottage Place
Waterbury, CT 06702
Via:    FedEx
Fax:    203-579-5867
        203-773-2334

> Re:    Anderson Kill & Olick, P.C. v Robert L. Pressman
>          Civil Action No. 3:02 CV 01258 (GLG)

Dear Judge Goettel

    I am the defendant in the above captioned matter.  Pursuant to the order dated (see attached), my counsel was granted his motion to be relieved as my counsel.  Accordingly, I am currently without legal representation.

    I am informed that the above captioned matter has been placed on the calendar to select a jury on or about October 7, 2003, and for trial the week after that date.  I respectfully request that the Court grant a 60 day extension of time in light of the above circumstances, which will allow me time to select replacement counsel, and additionally allow new counsel to familiarize themselves with the case and prepare for trial. I am not an attorney and do not have the expertise to select a jury nor to defend myself adequately in this case.

    Thank you for considering my request.

Sincerely,

Robert L. Pressman

---

*[handwritten marginal note, left side:]*
Application denied because of the considerations set forth in Plaintiff's Memorandum in Opposition.

*/s/ Gerard L. Goettel*
GERARD L. GOETTEL, U.S.D.J.

October 3, 2003
Waterbury, CT

# EXHIBIT IV

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANDERSON, KILL & OLICK, P.C.,                :

                        Plaintiff,           :

        v.                                   :        NO. 3:02CV1258 (GLG)

ROBERT L. PRESSMAN,                          :

                        Defendant.           :

                                             :        OCTOBER 2, 2003

## MEMORANDUM OF PLAINTIFF
## IN OPPOSITION TO DEFENDANT'S
## REQUEST FOR A CONTINUANCE OF TRIAL DATE

Plaintiff Anderson, Kill & Olick, P. C. submits this Memorandum in

opposition to the continuance request set forth in the letter from

Robert L. Pressman to the Court dated September 26, 2003, a copy of which the

undersigned received (from the Court) on September 30, 2003.

In opposing Plaintiff's request for a 60-day continuance of the October 16

date currently scheduled for trial, Plaintiff states as follows:


1.  This action was commenced by a Summons and Complaint dated July 22,

2002.  Plaintiff seeks to recover from Defendant an unpaid balance for fees and

disbursements for legal services provided to Defendant in connection with a 1999

civil action brought against him in the New York Supreme Court by his two

sisters.  Prior to the trial in the action in 2002, the New York court (Moscowitz, J.)

granted the Plaintiff-firm's request to withdraw as Defendant's counsel based on

his failure to pay his significant unpaid account.  Portions of that unpaid balance

relate to services performed for Defendant dating back at least three years.

Judicial District of New Haven
SUPERIOR COURT
FILED

OCT 06 2003

2. On or about August 12, 2003, an Appearance for Defendant was filed in this action by Earle Giovanniello, Esq.

3. By a ruling entered in this action dated August 15, 2002, the Court (Fitzsimmons, M. J.), following a nearly full-day contested evidentiary hearing relating to the claims, defenses and counterclaims, found probable cause that a judgment would enter in favor of Plaintiff in the full amount of its claim. Accordingly, the Court granted Plaintiff's Application For Prejudgment Remedy in the amount of $712,027.87 in accordance with Connecticut General Statutes §52-278c(a)(2).

4. On August 22, 2002, Plaintiff recorded its prejudgment attachment in the land records of the Town of Greenwich against Defendant's interest in the residence he jointly owns with his wife (hereinafter, "the Greenwich residence").

5. On or about August 7, 2003, the Court (Nevas, J.) sent a written notice to counsel for both parties scheduling "a Pretrial Conference" for September 9, 2003.

6. In advance of that status conference, the undersigned advised Defendant's counsel that at the September 9 status conference, Plaintiff would request that the Court schedule the matter for the earliest possible date for both jury selection and trial. Defendant's counsel did not object to this request.

7. At the September 9 status conference, the undersigned requested that Judge Nevas schedule the earliest possible trial date. Again, Defendant's counsel did not tell the Court that Defendant had any objection to that request.

2

8.  By Order dated September 11, 2003, this Court set the trial date in this action for Thursday, October 16, 2003.

9.  By Order dated September 24, 2003, this Court granted the September 11 motion of Attorney Giovanniello for leave to withdraw his Appearance for Defendant in this action.  The basis of counsel's request was, ironically enough, the same basis as the Plaintiff-law firm's request to the New York court last year: Defendant's non-payment of legal fees then due and owing.  As of the date of Attorney Giovanniello's "Motion To Be Relieved As Counsel", that balance (as described in the Motion) was $9,877.65.

10. Plaintiff has not presented the Court with any good cause for his continuance request.  Among other things, he has not told the Court why he is unable (or unwilling) to make attempts to pay his outstanding account with Attorney Giovanniello.  He has not explained why – if he now pays what he owes to Attorney Giovanniello -- Mr. Giovanniello would require a trial continuance after having previously made no objection to the October trial date.  In addition, Defendant has not explained how he plans to retain new trial counsel – within 60 days – in light of his apparent inability to pay the approximate $9,877 he owes Attorney Giovanniello.

11. In addition, a continuance of the current October 16 trial date will prejudice Plaintiff.  Notwithstanding, the prejudgment attachment currently in place, a delay in the trial date in this case will jeopardize that attachment because of the following circumstances:

3

- By a Summons and Complaint signed on July 12, 2002, Defendant's wife served an action against Defendant for legal separation, returnable to the Connecticut Superior Court in Bridgeport. *Pressman v. Pressman*, No. FA-02-0394584 (Conn. Super. Ct., Judicial District of Fairfield). In connection with that action, Defendant's wife also recorded, on July 12, 2002, a lis pendens on the couple's Greenwich residence -- the same property against which Plaintiff's court-authorized attachment in this action would be recorded on August 22, 2002. The Complaint in *Pressman v. Pressman* was signed on the *same day* that a final decision was entered against Defendant in the underlying New York action. That decision was later reduced to a final judgment against Defendant (dated August 7, 2002) in the amount of $11,316,761.

- On October 30, 2002 – two days after the first date on which *Pressman v. Pressman* could even be properly be adjudicated under Connecticut law – Mr. and Mrs. Pressman appeared before a state court judge. At that hearing, Defendant filed no claims for relief and raised no objection to his wife's claims. His counsel did not cross-examine the wife. Moreover, Defendant testified that in his opinion, his wife's claims for relief were fair and equitable. At the conclusion of the October 30 hearing, the state court judge entered a judgment of legal separation as requested. The separation judgment – entered less than 90 days after the $11.3 million New York judgment had entered against Defendant, together with a restraining order actually prohibiting Defendant from making *any* voluntary

4

transfer of his assets — included a decree transferring Defendant's entire interest in the Greenwich residence to his wife.

- By a Memorandum of Decision dated June 25, 2003, the same Connecticut Superior Court judge vacated the earlier legal separation judgment "as to all financial and property orders", including the court-ordered transfer of Defendant's interest in the Greenwich residence. The Court based its ruling on findings, *inter alia*, that, during the October 30, 2002 hearing, the parties had failed to present to the Court the decision of the New York state court judge in the underlying litigation. Specifically, the Court pointed to the fact that neither side in *Pressman v. Pressman* advised the court about the New York court's "findings that the defendant had breached his fiduciary obligations to his sisters as trustee of trusts of which they were beneficiaries, engaged in acts of self-dealing, committed fraud as trustee and converted trust assets to his own benefit." The Court also specifically relied on the "coincidence in timing of" the initiation of *Pressman v. Pressman* "with the timing of" the $11.3 million award against Defendant. Accordingly, the Connecticut court reopened its previous judgment and ordered a full hearing relating to the equitable division of the Pressmans' property, including the Greenwich residence. A copy of the Connecticut state court's June 25, 2003 Memorandum of Decision in *Pressman v. Pressman* is attached at Tab A to this Memorandum.

5

- The hearing the Superior Court directed in *Pressman v. Pressman* currently is scheduled to begin on November 10, 2003. In addition, Defendant's sisters – the claimants in the underlying New York litigation – have recorded a judgment lien against the Greenwich residence securing their New York judgment against Defendant for $11,316,761. Liens by other creditors of Defendant – including a mortgage lender – also have been recorded on the property. In addition, that mortgagee has commenced a foreclosure action on the Greenwich residence which remains pending.

- Further delaying Plaintiff's ability to obtain a judgment and a judgment lien in this action will only expose Plaintiff to an increasing number of challenges to its attachment from the numerous creditors now holding an interest in the same Greenwich residence on which Plaintiff's prejudgment attachment is recorded, including, possibly, the foreclosing mortgagee. In addition, there are potential outcomes in *Pressman v. Pressman* – in which the trial now is scheduled for this November – which could undermine Plaintiff's attachment rights. For example, it is possible that if Mrs. Pressman's lis pendens is deemed valid, she will challenge Plaintiff's security interest in the Greenwich residence in the absence of a judgment lien.

- Defendant has, in the past, repeatedly frustrated efforts to ensure payment of his accounts and has used delay as a tactic. Indeed, the judge in the underlying New York action made a finding last year in that action

6