which is fully applicable to Defendant's pending continuance request in the present case: "Defendant…further delayed the [New York] case by refusing to pay his lawyers… ." *See* attached Memorandum of Decision at 4 n.1. In addition, he repudiated a resolution reached as a result of mediation with the Plaintiff-law firm ordered by the New York court in the underlying litigation in early 2002. The "coincidence in [the] timing" of his matrimonial case, which the Connecticut family law judge specifically identified as a basis to vacate the collusive October, 2002 court-ordered property transfer, only supports the conclusion that Plaintiff's attachment will be put at risk if this Court permits Defendant's latest effort at delay.

12. In addition, in light of what the undersigned understands to be the Court's winter travel schedule, the Court appears not to be able to schedule a trial between November 1, 2003 and January 1, 2004. A continuance of the October 16 trial date would therefore postpone a trial even beyond the 60 days requested by Defendant.

13. Defendant should not be allowed to use his failure to meet his payment obligations to his *current* counsel as a means of further obstructing his three-year failure to meet his payment obligations to his *former* counsel.

Date: October 2, 2003

David P. Atkins (ct04189)

Zeldes, Needle & Cooper
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, CT 06601
Phone:      (203) 333-9441
Fax:         (203) 333-1489
E-Mail:     datkins@znclaw.com

Attorneys for Plaintiff
Anderson, Kill & Olick, P. C.

8

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via certified

United States mail, postage prepaid, on this date to:

Robert L. Pressman
51 West 52nd Street
New York, NY, 10019

Dated at Bridgeport, Connecticut this 2nd day of October, 2003.


_David P. Attis_
David P. Atkins

9

# EXHIBIT V

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ANDERSON, KILL & OLICK, P.C.

v.                                              Civil No. 3:02CV1258 GLG

ROBERT L. PRESSMAN

### J U D G M E N T

This matter came on for trial before a jury and the Honorable Gerard L. Goettel, Senior United States District Judge.   On October 17, 2003, the jury returned a verdict for plaintiff, Anderson, Kill & Olick and awarded damages in the amount of $500,000.00.

Therefore, it is hereby ORDERED, ADJUDGED and DECREED that judgment is entered for the plaintiff Anderson, Kill & Olick in the amount of $500,000.00 and the case is closed.

Dated at New Haven, Connecticut this 21st day of October,  2003.

KEVIN F. ROWE, Clerk
By

Frank DePino
Deputy Clerk

EOD _____

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------X
ANDERSON, KILL & OLICK, P.C.,        :

              **Plaintiff,**    :    NO. 3:02CV1258(GLG)

  V.    :

ROBERT L. PRESSMAN,                  :

             **Defendant.**    :
-----------------------------------X

## VERDICT FORM
### (SPECIAL INTERROGATORIES)

### Claim for Breach of Contract

As to the Breach of Contract claim of Plaintiff Anderson, Kill & Olick, P.C. against Defendant Robert L. Pressman, please answer the following questions:

1.  Has Plaintiff Anderson, Kill & Olick, P.C. proven, by the preponderance of the evidence, that it provided legal services to Robert L. Pressman?

    ___✓___ yes            _____ no

If you answered no to question 1, you do not need to answer any further questions. If you answered yes, proceed to question 2.

2.  Has Plaintiff Anderson, Kill & Olick, P.C. proven, by the preponderance of the evidence, that Robert L. Pressman breached his agreement with Anderson, Kill & Olick, by failing to pay for the legal services Anderson, Kill & Olick provided?

    ___✓___ yes            _____ no

1

If you answered no to question 2, you do not need to answer any further questions. If you answered yes, proceed to question 3.

3.    Has Plaintiff Anderson, Kill & Olick, P.C. proven, by the preponderance of the evidence, that the breach of the agreement for legal services caused it economic harm?

_____ yes          VOID   no

If you answered no to question 3, you do not need to answer any further questions. If you answered yes, proceed to question 4.

4.    State the amount to be awarded as damages to Anderson, Kill & Olick: _500.000.00_____ .

You have finished your deliberations.  The Foreperson should sign and date the Verdict Form.

_10/17/03_____
Date

_____
Foreperson Signature

2





UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
141 CHURCH ST.
NEW HAVEN, CONNECTICUT 06510

TO:    *Robert Pressman*

FROM:

DATE:

PAGES [EXCLUDING COVER SHEET]:

RE:

RESPOND TO:    (203) 773-2140 (VOICE)
(203) 773-2334 (FAX)

# EXHIBIT VI

**Robert L. Pressman**
**51 West 52nd Street**
**New York, New York 10019**
**Tel. 212-841-7587**
**Fax 212-841-7739**

October 21, 2003

Court Clerk
United States District Court
District of Connecticut
14 Cottage Place
Waterbury, Connecticut
06702

Re:    **Anderson Kill & Olick v Robert L. Pressman**
**Civil Action No 3:02 CV 01258 (GLG)**

Dear Ladies and Gentlemen:

Please find enclosed for filing a Notice of Appeal and a check for $105 with respect to the above referenced matter on behalf of Robert L. Pressman, defendant.

Sincerely,

ROBERT L. PRESSMAN
DEFENDANT
PRO SE

## NOTICE OF APPEAL

**Robert L. Pressman**
**51 West 52nd Street**
**New York, New York 10019**
**Tel. 212-841-7587**
**Fax 212-841-7739**

October 21, 2003

Court Clerk
United States District Court
District of Connecticut
14 Cottage Place
Waterbury, Connecticut
06702

Court Clerk
United States Court House
United States Court of Appeals
40 Foley Square
New York, New York
10007

    Re:   **Anderson Kill & Olick v Robert L. Pressman**
          **Civil Action No 3:02 CV 01258 (GLG)**

Dear Ladies and Gentlemen:

By this letter, I hereby make application to the United States Court of Appeals to appeal the order, decision, verdict and judgment in connection with the above referenced matter. The judgment and order from which I am entitled to appeal was entered on October 21, 2003 and ordered by Judge Gerard Goettel of the United States District Court of Connecticut sitting in Waterbury, Connecticut.

I hereby certify that I have delivered a notice of this appeal to the plaintiff's counsel and mailed same, postage prepaid, to:

        Attorney David Atkins
        Zeldes, Needle & Cooper, PC
        1000 Lafayette Boulevard
        P.O. Box 1740
        Bridgeport, Connecticut 06601

        Thank you for your courtesies.

Sincerely,

ROBERT L. PRESSMAN
DEFENDANT
PRO SE

# Exhibit VIII

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

ANDERSON, KILL & OLICK, P.C.,

         Plaintiff-Appellee,

    VS.

ROBERT L. PRESSMAN,

         Defendant-Appellant.

NO. 03-9083

## MEMORANDUM OF APPELLEE IN OPPOSITION TO APPELLANT'S APPLICATION FOR STAY OF JUDGMENT

### Introduction

Plaintiff-Appellee Anderson, Kill & Olick, P.C. ("Anderson Kill"), submits this Memorandum of Law in opposition to the "Emergency Application For Stay" dated October 21, 2003, filed in this Court by Defendant-Appellant Robert L. Pressman ("Pressman"). An Affidavit of Counsel is appended at Tab A in accordance with Rule 27(a)(1) of the Local Rules of the United States Court of Appeals for the Second Circuit.

### The Nature of the Proceedings

This action arises out of Pressman's failure to pay Anderson Kill for professional services performed by a law firm from August, 1999 to early 2002, in accordance with a written retention agreement. In its operative Complaint, Anderson Kill asserted, *inter alia*, a cause of action for breach of contract. Pressman asserted counterclaims for professional negligence and set-off against

any damage award that might be entered against him on Anderson Kill's contract claim.

The case was tried in the United States District Court for the District of Connecticut before Judge Gerard L. Goettel and a jury on October 16 and 17, 2003. At the conclusion of all evidence, the trial court granted Anderson Kill's Rule 50(a) motion for a judgment as a matter of law on each of Pressman's counterclaims. After a jury verdict in favor of Anderson Kill, Judgment was entered against Pressman in the amount of $500,000.

Currently pending before the district court is Anderson Kill's motion, filed under Rule 59(e) Fed.R.Civ.P., to amend the judgment to add prejudgment interest as authorized by New York law. Pressman has opposed Anderson Kill's motion. Anderson Kill also submitted to the district court clerk a Verified Bill of Costs, which was denied without prejudice to refiling, upon the disposition of this appeal.

In connection with his appeal, Pressman has asked this Court – *without* having *first* asked the trial court - for a stay of enforcement of the monetary judgment against him pending the outcome of his appeal. The grounds for this request, which he styles as an "emergency application", relate almost entirely to *the merits* of his contentions on appeal. Those contentions are that, according to Pressman, the trial court erroneously: (1) failed to grant Pressman's application to continue the trial date for 60 days; (2) prevented Pressman from arguing certain unidentified defenses; (3) refused to admit certain unidentified evidence; (4) made supposedly prejudicial comments to the jury which he does not identify;

-2-

and (5) gave the jury supposedly misleading and inaccurate jury instructions which he does not identify.

For the reasons discussed below, Pressman's application should be denied in its entirety.

## Argument

A.    *The Application For A Stay Of Judgment Should Be Denied Absent Any Showing That: (1) The District Court Has Previously Denied Or Failed To Consider The Stay Request; Or (2) Requesting The Stay From The District Court Would Be Impracticable.*

Rule 8(a)(1) of the Federal Rules of Appellate Procedure provides, in pertinent part, as follows:

> *Initial Motion in the District Court.* A party must ordinarily move first in the district court for the following relief:
>
> A stay of the judgment or order of a district court pending appeal…

Only in very limited circumstances is an appellant permitted to file its stay request with this Court *without* having first asked the trial court for such relief. Rule 8(a)(2) provides as follows:

> A motion for relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its judges.
>
> (A) The motion must:
>
>     (i) show that moving first in the district court would be impracticable; or
>
>     (ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action.

-3-

(B) The motion must also include:

    (i) the reasons for granting the relief requested and the facts relied on;

    (ii) originals or copies of affidavits or other sworn statements supporting facts subject to dispute; and

    (iii) relevant parts of the record.

In the present case, Pressman does not meet either of the criteria that would exempt him from the requirement that the unsuccessful defendant seeking a stay pending appeal "must ordinarily move first in the district court." Pressman did not first move for a stay in the district court. In addition, he has not stated why doing so would have been "impracticable." More importantly, Pressman's stay application does not include two items which, under the express terms of Rule 8(a)(2), "must" be included in a stay motion filed in this Court: (a) "the reasons" this Court (as opposed to the district court) should enter the requested stay; and (b) any "facts relied on" in support of the request. Instead, other than expressing a vague fear that the absence of a stay will "hinder" his ability to meet his "alimony and child support obligations", Pressman advances only the grounds he intends to raise *on the merits* of his appeal.

This Court has denied an appellant's stay application where, exactly as in the present case:

[the appellant's] motion papers give no explanation why the…motion for a stay pending appeal was made in the first instance to this Court. No showing of impracticability of bringing such a motion in the district court was offered in briefs or oral argument.

*Hirschfeld v. Board of Elections*, 984 F.2d 35, 38 (2d Cir. 1992) (denying appellant's stay motion, both for "disregarding Rule 8" and also for "misuse of the

judicial process" in delaying the filing of its stay application).   At a minimum, Pressman's stay application should be denied, without prejudice to Pressman filing his request in the district court, in compliance with Rule 8(a)(1).

**B.    The Application To Stay Should Be Denied As Appellant Has Not Met The Standards To Obtain A Stay Of Judgment**

Even if Pressman had complied with the *procedural* requirements of Rule 8(a), he still has not met the *substantive* standards that would justify *either* this Court *or* the district court entering a stay pending appeal.  This Court does not commonly grant requests for stays under Rule 8(a).  This is because "[a] party seeking a stay of a lower court's order bears a difficult burden."  *United States v. Private Sanitation Industry Association of Nassau/Suffolk, Inc.,* 44 F.3d 1082, 1084 (2d Cir. 1994).

The courts have broken that burden down into a four-part test.  To obtain a stay of a trial court judgment or ruling, an appellant must: (1) show a likelihood of success on the merits of his appeal; (2) establish that unless a stay is granted he will suffer irreparable injury; (3) show that no substantial harm will come to any other interested party; and (4) show that that the public interest favors granting a stay.   *Mohammed v. Reno,* 309 F.3d 95, 100 (2d Cir. 2002); *Rodriquez ex rel. Rodriquez v. DeBuono,* 175 F.3d 227, 234 (2d Cir. 1999). "Because the burden of meeting this standard is a heavy one, more commonly stay requests will not meet this standard and will be denied."  11 Wright, Miller & Kane, *Federal Practice and Procedure* §2904 at 503-05 (2d ed. 1995).

1.   *Pressman Has No Likelihood of Success on the Merits*

-5-

Of all of Pressman's contentions on appeal, the only one for which he has provided any identifying details, is that the trial court's denial of his motion to adjourn the trial date for 60 days supposedly caused him undue prejudice and violated his due process rights. The circumstances of the trial court's ruling (as described in the accompanying Affidavit of Counsel) are as follows.

At the outset of the litigation below, an Appearance for Pressman was filed by Earle Giovanniello, Esq. On or about August 7, 2003, the district court (Nevas, J.) sent a written notice to counsel for both parties scheduling "a Pretrial Conference" for September 9, 2003. In advance of that status conference, the undersigned advised Pressman's counsel that at the September 9 status conference, Anderson Kill would request the district court schedule the matter for the earliest possible date for both jury selection and trial. Pressman's counsel did not object to this request.

At the September 9 status conference, the undersigned requested that Judge Nevas schedule the earliest possible trial date. Again, Pressman's counsel did not tell the Court that Pressman had any objection to that request.

By an initial motion dated September 2, 2003, and later renewed on September 11, 2003, Mr. Giovanniello requested to "be relieved as counsel for" Pressman. The basis of counsel's request was, ironically enough, the same basis as the plaintiff-law firm's complaint: Pressman's non-payment of legal fees then due and owing. As of the date of Attorney Giovanniello's initial "Motion To Be Relieved As Counsel", the balance he was then owed by Pressman (as described in counsel's Motion) was $9,877.65.

-6-

By a "Ready Trial Order" dated September 11, 2003, Judge Goettel (to whom the case had been assigned for purposes of trial) set jury selection for October 7, 2003 and the commencement of trial for October 16, 2003. By order dated September 24, 2003 (and entered on September 25, 2003), Judge Goettel granted Attorney Giovaniello's motion to be excused as Pressman's counsel.

By a written request to Judge Goettel dated September 26, 2003, Pressman, for the first time, requested a 60-day continuance of both the jury selection date and trial date. The basis of this request was, *inter alia*, "to allow" Pressman "time to select replacement counsel." Pressman did not offer the trial court any explanation of how he planned to retain substitute trial counsel within 60 days in light of his former counsel's assertion – undisputed by Pressman – that he was unwilling to pay the approximate $9,877 balance he then owed to such counsel.

By an Order dated October 3, 2003 (and entered on October 6, 2003), Judge Goettel denied Pressman's request to postpone the trial date.

"The decision to deny a continuance rests within the sound discretion of the trial court and will be overturned only for an abuse of discretion." *Farieas v. Instructional Systems, Inc.*, 259 F.3d 91, 100 (2d Cir. 2001). In this case, Judge Goettel did not abuse his discretion in denying Pressman's request to postpone the trial. Among other things, Pressman's reliance on his *pro se* status to delay the trial was a dilemma of his own making, and one of which he was aware for at least three weeks before he filed his continuance request. In addition, the district court properly recognized that a defendant should not be able to rely on his own

-7-

undisputed failure to pay his counsel as an excuse to further delay a plaintiff-creditor's ability to seek a judgment its claim for payment.

In addition to challenging the trial court's denial of his continuance request, in his stay application Pressman describes other grounds on which he apparently will rely in seeking reversal of the judgment below on the merits. In none of these grounds has Pressman shown a likelihood of success on the merits.

Pressman claims that: (a) he was prejudiced by the trial court's purported failure to admit certain evidence, which he does not identify; (b) he was not allowed to present certain defenses, which he does not identify; and (c) the trial court supposedly made prejudicial comments and gave erroneous instructions to the jury, none of which does he identify. Pressman has not provided any specifics whatsoever to support these claims. Hence, his application doesn't provide a basis for this Court even to evaluate whether there is a likelihood that he could prevail on the merits of any one of his claims of error.

2. *Pressman Fails to Demonstrate Irreparable Harm*

Pressman also has failed to demonstrate a separate requirement under Rule 8(a):  how he would be irreparably harmed absent a stay of judgment.  In a conclusory fashion, Pressman simply states that he will be harmed without a stay of the judgment because "plaintiff will commence [a] collection action against me, and this will hinder my ability to pay alimony and child support." Pressman's Application for a Stay of Judgment at 4.  However, Pressman has not provided an affidavit, or any other supporting documents, as required by Rule 8(a)(2), to

-8-

demonstrate how the exercise of Anderson Kill's right to enforce its $500,000 judgment would cause him an injury that is "irreparable." Indeed, Pressman's assertion that enforcement of the judgment would at worst "hinder" - rather than preclude - Pressman's ability to pay alimony and child support, amounts to a concession that enforcement will not cause *irreparable* harm. In addition, to the extent that federal or state law shield from Pressman's judgment creditors those of his assets earmarked for alimony or child support, there can be no possibility of harm to him, let alone irreparable harm.

3.  *Anderson Kill Will Be Harmed By A Stay*

Pressman also fails to show that an order, as he requests, barring Anderson Kill from enforcing the judgment in its favor pending the outcome of his appeal, will not cause substantial harm to its rights as a lawful judgment creditor. In his request for trial continuance, Pressman at least argued that Anderson Kill would not be harmed by a delay. By contrast, in his Application to this Court for further delay, Pressman offers no explanation as to why granting his stay request would not cause any substantial harm to Anderson Kill. In fact, Anderson Kill would be harmed by the granting a stay of judgment pending appeal because Pressman's assets currently are being pursued by other creditors, including his wife (seeking substantially all of a Greenwich, Connecticut marital residence), his two sisters (seeking to enforce an approximately $11.3 million judgment against him), the Internal Revenue Service and a mortgage lender currently prosecuting a foreclosure action on the Greenwich property.

-9-

If a stay of judgment is granted, then Pressman's assets are at risk of being diminished by his other creditors, potentially leaving Anderson Kill unable to collect on its judgment.

### 4. *A Stay of Judgment Would Not Be In The Public Interest*

Finally, Pressman fails to show that the public interest favors granting a stay. Although Pressman does not address this issue at all, it is difficult to imagine the public interest favors further delay in a service provider like Anderson Kill - now adjudged to be lawfully entitled to payment - receiving payment for invoices sent as long as three years ago.

### **Conclusion**

As set forth above in Section A, this Court may properly deny Appellant's "Emergency Application For Stay" *solely* on the basis that the application does not comply with the procedural requirements of Rule 8(a) of the Federal Rules of Appellate Procedure. But in disposing of an appellant's stay request, at least one panel of this Court decided to address "the [substantive] standards for staying the actions of [the] lower court" even where the appellant's stay application was denied for "disregarding" the *procedural* requirements of Rule 8(a). *Hirschfeld v. Board of Elections*, 984 F.2d at 39-40.

Anderson Kill urges the Court to adopt the same approach in the present case - addressing *both* the procedural *and* the substantive grounds discussed above. It does so for two reasons. First, by addressing the four-part substantive standard applicable to stay requests (described above in Section B), this Court will guide the district court if, in the event this Court denies his pending stay

-10-

application, Pressman elects to file a stay request with the district court. Second, it will promote judicial economy in the event Pressman, having had a stay motion denied by the district court, returns to this Court with a stay request filed under Rule 8(a)(2).

For all of the foregoing reasons, Appellant Pressman's "Emergency Application For Stay" should be denied.


Dated: November 18, 2003

David P. Atkins

Zeldes, Needle & Cooper, P. C.
1000 Lafayette Boulevard
P. O. Box 1740
Bridgeport, CT  06601-1740
Tel. (203) 333-9441
Fax (203) 333-1489
E-Mail datkins@znclaw.com

Attorneys for Plaintiff-Appellee
Anderson, Kill & Olick, P. C.

-11-

**Exhibit A**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

ANDERSON, KILL OLICK, P. C.,     :

      Plaintiff-Appellee,     :

      VS.     :    NO. 03-9083

          :

ROBERT L. PRESSMAN,     :

      Defendant-Appellant.     :

## AFFIDAVIT OF APPELLEE'S COUNSEL

STATE OF CONNECTICUT    )

              ) ss:  Bridgeport, November 18, 2003

COUNTY OF FAIRFIELD    )

     DAVID P. ATKINS, after first being duly sworn, deposes and states as follows:

    1.  I appear for the Defendant-Appellee Anderson, Kill & Olick, P. C. ("Anderson Kill") in the above-entitled appeal.  I also appeared for Anderson Kill in the district court from the date the complaint was filed through the date judgment was entered and continue to appear in the court below.

    2.  I submit this Affidavit in accordance with Rule 27(a)(1) of the Local Rules of the Second Circuit Court of Appeals and in support of the Memorandum Of Appellee In Opposition To Appellant's Application For Stay Of Judgment.

    3.  At the outset of the litigation below, an Appearance for Appellee Pressman (as Defendant) was filed by Earle Giovanniello, Esq.

    4.  On or about August 7, 2003, the district court (Nevas, J.) sent a written notice to counsel for both parties scheduling "a Pretrial Conference" for September 9, 2003.  In advance of that status conference I advised Pressman's

counsel that at the September 9 status conference, Anderson Kill would request the district court schedule the matter for the earliest possible date for both jury selection and trial. Pressman's counsel did not object to this request.

5. At the September 9 status conference, I requested that Judge Nevas schedule the earliest possible trial date. Again, Pressman's counsel did not tell the Court that Pressman had any objection to that request.

6. By an initial motion dated September 2, 2003, and later renewed on September 11, 2003, Mr. Giovanniello requested to "be relieved as counsel for" Pressman. The basis of counsel's request was, ironically enough, the same basis as the plaintiff-law firm's complaint: Pressman's non-payment of legal fees then due and owing. As of the date of Attorney Giovanniello's initial "Motion To Be Relieved as Counsel", the balance he was then owed (as described in counsel's Motion) was $9,877.65.

7. By a "Ready Trial Order" dated September 11, 2003, Judge Goettel (to whom the case had been assigned for purposes of trial) set jury selection for October 7, 2003, and the commencement of trial for October 16, 2003. By order dated September 24, 2004 (and entered on September 25, 2003), Judge Goettel granted Attorney Giovanniello's motion to be excused as Pressman's counsel.

8. By a written request to Judge Goettel dated September 26, 2003, Pressman, for the first time, requested a 60-day continuance of both the jury selection date and trial date. The basis of this request was, *inter alia*, "to allow" Pressman "time to select replacement counsel." Pressman did not offer the trial court any explanation of how he planned to retain substitute trial counsel within

2

60 days in light of his counsel's assertion – undisputed by Pressman – that he was unwilling to pay the approximate $9,877 balance he then owed to such counsel.

9.  By an Order dated October 3, 2003 (and entered on October 6, 2003), Judge Goettel denied Pressman's request to postpone the trial date.


_David P. Atkins_
David P. Atkins

Sworn to and subscribed before me this 18th day of November, 2003.


_Maureen K. Denbroeder_
Notary Public

My Commission Expires: _2/28/05_

3

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via certified United States mail, postage prepaid, on this date to:

Robert L. Pressman
Cushman & Wakefield
51 West 52nd Street, 10th Floor
New York, NY, 10019

Dated at Bridgeport, Connecticut this 18th day of November, 2003.

David P. Atkins

-12-