UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------X
ANDERSON, KILL & OLICK, P.C.,        :
                                     :
                 Plaintiff,          :   NO. 3:02CV1258(GLG)
     V.                              :
                                     :
ROBERT L. PRESSMAN,                  :
                                     :
                 Defendant.          :
------------------------------------X



FILED
DEC 5  1 43 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

## RULING ON EMERGENCY APPLICATION TO STAY JUDGMENT

Pending before the Court is defendant's Emergency Application to Stay Judgment (**Doc. #67**). For the reasons set forth below, the Court **denies without prejudice** defendant's application.

### I. Procedural History and Facts

On October 17, 2003, after a two-day jury trial, the jury rendered a verdict in favor of plaintiff Anderson, Kill & Olick, P.C. on its claim of breach of contract for legal services against *pro se* defendant Robert Pressman. The jury awarded plaintiff damages of $500,000. On October 28, 2003, defendant filed a Notice of Appeal. On November 26, 2003, the Court of Appeals for the Second Circuit denied defendant's motion to stay judgment entered by this Court pending the resolution of his appeal challenging that judgment.

On December 3, 2003, defendant filed an emergency application for stay of judgment until the Court of Appeals for the Second Circuit hears and decides his appeal. While defendant

1

cites no legal authority in support of his motion, the substance of his argument is that the trial court erred when it denied defendant's motion to postpone the trial for sixty days to allow him to engage new counsel and, at trial, defendant was disadvantaged because he appeared *pro se* and lacked sufficient legal training to provide an effective defense.

## II. Discussion

The Court construes defendant's emergency application as a motion pursuant to Federal Rule of Civil Procedure 62(d) for a stay of this Court's order pending appeal. Rule 62(d) provides in pertinent part: "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay ..." Here, defendant has not provided the bond.

However, a district court may, in its discretion, grant a stay without requiring the posting of a bond if the appellant provides acceptable alternative means of securing the judgment. See Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir.1988); Federal Prescription Serv. Inc. v. American Pharmaceutical Ass'n, 636 F.2d 755, 757-58 (D.C.Cir.1980); Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir.1979); Trans World Airlines, Inc., v. Hughes, 515 F.2d 173, 176 (2d Cir.1975). In his motion, defendant has not requested a waiver, nor has he set forth an acceptable alternative means of securing the judgment. Therefore, defendant should consult the Clerk of the Court, who maintains a list of approved surety companies. The Court will not consider

2

defendant's motion for a stay until the record demonstrates that proper security has been lodged with the Clerk.

### III. Conclusion

For the reasons stated above, the Court <u>denies without prejudice</u> defendant's Emergency Application to Stay Judgment **(Doc. #67)**.

SO ORDERED.

Date: December 4, 2003.
Waterbury, Connecticut.

_____
GERARD L. GOETTEL,
United States District Judge

3