UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*FILED*

*DEC 10  12 41 PM '03*

*U.S. DISTRICT COURT*
*NEW HAVEN COURT*

------------------------------------X
ANDERSON, KILL & OLICK, P.C.,        :

                      Plaintiff,     :    NO. 3:02CV1258 (GLG)

     V.                              :

ROBERT L. PRESSMAN,                  :

                                     :
                      Defendant.     :
------------------------------------X

## RULING ON MOTION TO AMEND JUDGMENT

Pending before the Court is plaintiff's Motion to Amend

Judgment to Include Prejudgment Interest (**Doc. #58**). For the

reasons set forth below, the Court **grants** plaintiff's motion to

add prejudgment interest, **except** that the Court determines the

amount of interest to be $101,510.21, below the requested amount

of $101,658.30.

### I. Procedural History and Facts

On October 17, 2003, after a two-day jury trial, the jury

rendered a verdict in favor of plaintiff Anderson, Kill & Olick,

P.C. on its claim of breach of contract for legal services

against *pro se* defendant Robert Pressman. The jury awarded

plaintiff damages of $500,000. Accordingly, on October 23, 2003,

the Clerk of the Court entered judgment in favor of plaintiff in

the amount of $500,000. On October 28, 2003, defendant filed a

Notice of Appeal. On November 26, 2003, the Court of Appeals for

the Second Circuit denied defendant's motion to stay judgment

entered by this Court pending the resolution of his appeal

1

challenging that judgment.

On October 28, 2003, plaintiff filed a motion to amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure to include a prejudgment interest award of $101,658.30, which plaintiff contends is authorized under New York law. On November 3, 2003, defendant filed an objection, contending, *inter alia*, that Connecticut law, not New York law, applies, that plaintiff is precluded from requesting prejudgment interest and that plaintiff's proposed formula for the calculation of interest is flawed.

## II. Discussion

The threshold issue is whether the Court may open and amend a judgment. "That decision [to open and amend a judgment]. . . . is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir.1983)(citations omitted). The motion to alter or amend judgment must be filed no later than 10 days after the entry of judgment. Fed. R. Civ. P. 59(e). In this case, the Clerk entered judgment on October 23, 2003 and plaintiff filed its motion to amend on October 28, 2003. Thus, plaintiff's motion is timely.

The next issue is whether Connecticut or New York law applies. Defendant contends that Connecticut law applies because the trial was held in Connecticut. (Pl.'s Opp. at 1). The Court considers this to be a "belated objection" at this post-trial stage in the proceedings. To briefly review, the Court asserted

2

jurisdiction in this action on the basis of diversity. *See* 28

U.S.C. § 1332(a). The applicable law governing this action is

that of New York because plaintiff, a New York law firm, was

seeking attorney fees for legal work and representation performed

in New York by attorneys duly admitted to practice in New York.

Turning to the issue of prejudgment interest, the Court

rejects defendant's contention that because plaintiff did not

request that the jury award prejudgment interest on the verdict

form, plaintiff is not entitled to prejudgment interest. (Pl.'s

Opp. at 1). First, in both its amended complaint and trial

memorandum, plaintiff requested interest on its claim. Second,

since plaintiff filed a timely motion to amend or alter the

judgment under Fed. R. Civ. P. 59(e), there is no question that

plaintiff has not waived recovery of prejudgment interest. *See*

Stanford Square, L.L.C. v. Nomura Asset Capital Corp., 232

F.Supp.2d 289, 291 (S.D.N.Y. 2002). Third, NY CPLR § 5001(a)

provides in relevant part that "[i]nterest shall be recovered

upon a sum awarded because of a breach of performance of a

contract....". Courts in this circuit have held that a

prejudgment interest award in a contract action governed by New

York law is mandatory. *See* Stanford Square, 232 F.Supp.2d at 292;

and Spodek v. Park Prop. Dev. Assocs., 759 N.E.2d 760, 762

(N.Y.2001).

The next issue is how interest on the judgment is to be

calculated. At trial, the Court admitted evidence of thirteen

3

separate legal bills that were more than thirty days past due,
totaling $712,027.87. (Pl.'s Mem., Exh. D). Plaintiff argues that
the $500,000 jury award should be applied on a pro rata basis
against each principal balance of the thirteen bills. (Pl.'s Mem.
at 6-7). In order to calculate the interest, for each adjusted
account balance amount, plaintiff listed the number of days
between the accrual dates (thirty days after each invoice date)
and October 17, 2003, the date of the jury verdict. (Pl.'s Mem.,
Exh. B). Interest on the adjusted amount was calculated at a 9%
annual rate pursuant to NY CPLR § 5004. Under this method,
plaintiff calculated interest totaling $100,621.67.

Defendant counters that if interest is awarded, then the
$500,000 should be applied to the earlier months first. (Def.'s
Opp. at 2). Defendant does not provide a chart of calculations or
cite to any legal authority in support of his method. In its
reply memo, plaintiff maintains that its proposed method is
proper because nothing in the trial record suggests that the jury
differentiated between the oldest and the most recent unpaid
invoices. (Pl.'s Reply Mem. at 2-3).

NY CPLR § 5001(b) provides:

> "[i]nterest shall be computed from the
> earliest ascertainable date the cause of
> action existed, except that interest upon
> damages incurred thereafter shall be computed
> from the date incurred.  Where such damages
> were incurred at various times, interest
> shall be computed upon each item from the
> date it was incurred or upon all of the
> damages from a single reasonable intermediate
> date."

4

When damages "accrue at different times, interest may be computed separately on each segment of the damages, measured from its own moment of accrual." <u>Burstin Investors, Inc. v. K.N. Investors, LTD.</u>, 657 N.Y.S.2d 743, 744 (1997). At trial, there was evidence of thirteen separate legal bills that were more than thirty days past due, totaling $712,027.87. However, as noted earlier, the jury awarded a total of $500,000. The Court adopts plaintiff's method because the plain language of NY CPLR § 5001(a) permits plaintiff to recover prejudgment interest on unpaid invoices from the date each bill became due to the date liability was established, the date the jury rendered its verdict. Thus, prejudgment interest totals $100,621.67

The final issue is whether plaintiff is entitled to interest for the period between the time the jury rendered its verdict and the day the Clerk entered judgment. Section 5002 of the NY CPLR provides that "[i]nterest shall be recovered upon the total sum awarded, including interest . . . from the date the verdict was rendered . . . to the date of entry of final judgment." Consequently, plaintiff is entitled to interest from the date of the verdict on October 17, 2003 to the date of entry of the judgment on October 23, 2003, to be calculated at the statutory interest rate of nine percent per annum as provided under NY CPLR § 5004. Applying the 9% rate to the $500,000 jury verdict plus the prejudgment interest of $100,621.67, amounts to $148.09 per day. For the six-day period, this totals to $888.54 and is lower than the $1,036.63 amount plaintiff requested. (Pl.'s Mem. at 7-

5

8). The $148.09 difference between the Court's calculation and
plaintiff's calculation is attributable to plaintiff's error that
the Clerk entered the judgment on October 24, 2003.  The docket
sheet indicates that the judgment was entered on October 23,
2003.


### III. Conclusion

For the reasons stated above, the Court grants plaintiff's
Motion to Amend Judgment to Include Prejudgment Interest (**Doc.
#58**) of $101,510.21, not the requested amount of $101,658.30. The
Court hereby directs the Clerk of the Court to issue an Amended
Judgment adding prejudgment interest of $101,510.21 to the jury
award of $500,000 for a total of $601,510.21.

SO ORDERED.


Date: December 5, 2003.

Waterbury, Connecticut.




GERARD L. GOETTEL,

United States District Judge



6